ATHEARN *v.* BRANNAN.

Debt for money lent and other causes of action. *Held*, that a plea to the whole declaration of a former judgment in a suit by the plaintiff on a promissory note and for work and labour was bad, as he could have given no evidence in the previous suit of money lent.

The record produced to support a plea of a former judgment, should be of a judgment in a suit in which the causes of action subsequently sued for might have been proved.

APPEAL from the *Ohio* Circuit Court.

BLACKFORD, J.—*Joseph Brannan* brought an action of debt against *Prince A. Athearn* in the *Ohio* Circuit Court in *May,* 1845.

The first count is on a promissory note alleged to have been executed by the defendant to the plaintiff on the 25th

of *June*, 1839, for the payment of 1,580 dollars, ninety days after date. The second count is for money lent; and the third is on an account stated.

There are four pleas, each of which is pleaded in bar of the whole declaration.

The first plea is *nil debet*.

The second plea states that the plaintiff, on the 15th of *October*, 1839, in the Superior Court of *Cincinnati*, state of *Ohio*, before, &c., impleaded the now defendant, together with *James Blackmore, Daniel Gano*, and *Thomas H. Allen*, in a plea of trespass on the case for the very same identical debt and causes of action in the declaration mentioned, and that such proceedings were thereupon had on the merits of said action, that the Court gave a final judgment in favour of the defendants.

The following is the third plea: That the plaintiff, at the *October* term of the Superior Court of *Cincinnati*, state of *Ohio*, in 1839, before, &c., impleaded the defendant in a plea of trespass on the case for the very same identical debt and causes of action in the declaration mentioned, and that such proceedings were thereupon had in said plea in said Court on the merits of said cause, that afterwards, to wit, in the *January* term of said Court, 1844, a jury was impanelled and sworn to try the issue between said plaintiff and defendant, and brought in a verdict for the defendant, finding the issue in his favour; and it was therefore considered by the Court, that the defendant recover of the plaintiff the sum of 15 dollars and 82 cents for his costs and charges about his defence in that behalf expended; which judgment remains in full force, unreversed, and unsatisfied, as will more fully appear by the record of said Court; and this the defendant is ready to verify.

The fourth plea is similar to the second.

To the third plea the plaintiff replied *nul tiel record*.

The plaintiff obtained *oyer* of the record relied on in the second and fourth pleas, and demurred generally to those pleas.

The record given on *oyer* was of an action of trespass on the case brought by the now plaintiff against the now defendant and others in a Court in *Cincinnati*, state of *Ohio*, the

declaration in which contained two counts, one on a promissory note, and the other for work and labour. There were pleas in bar to that suit, and a verdict and judgment for the defendants.

The demurrers to the second and fourth pleas were sustained.

The issue on the replication of *nul tiel record* to the third plea was submitted to the Court. On the trial of that issue, the defendant offered in evidence the same record of which *oyer* was given on the demurrers to the second and fourth pleas. The record was objected to as evidence and the objection sustained. Judgment for the plaintiff on the issue of *nul tiel record*.

The cause was tried on the general issue, and the note described in the first count was the only evidence given. Verdict and judgment for the plaintiff.

The errors complained of are, that the demurrers to the second and fourth pleas were improperly sustained; and that the record offered in evidence to support the third plea should have been admitted.

The second and fourth pleas would perhaps have been good, if the declaration in the present suit had been so framed that the causes of action might have been the same as those in the first suit. *Bagot* v. *Williams*, 3 B. & C. 235, per *Abbott*, C. J. But one of the counts in the present action is for money lent, and of that demand there could have been no evidence in the previous action, which was on a promissory note and for work and labour. The pleas in question, therefore, which are to the whole declaration, cannot be supported.

The record offered in evidence on the issue of *nul tiel record* was not admissible. To have made it admissible, it should have been of a judgment in a suit in which the causes of action subsequently sued for might have been given in evidence. That, however, was not the case, as the subsequent suit was, *inter alia*, for money lent, and the suit in which the judgment was rendered was on a promissory note and for work and labour. The issue was to be decided by the record alone, and the record not supporting it, was correctly rejected.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* May Term, damages and costs.   1847.

*J. G. Marshall* and *D. Kelso,* for the appellant.   Doe

*J. T. Brown, E. Dumont,* and *J. L. Ketcham,* for the ap-   v.