NOTTINGHAM and Wife *v.* CALVERT.

*A.* received a deed for land from *B.*, and on the same day mortgaged it to the latter for the balance of the purchase-money due. *A.* died in possession, and *B.* assigned the mortgage to a third person, who foreclosed it. *Held*, that, under the statute of 1838, the widow of *A.* was entitled to dower in the equity of redemption—that being all the interest of her husband —and if the land had sold for more than the debt, she would have been entitled to dower in the surplus.

ERROR to the *Madison* Circuit Court.

*Tuesday, December 4.*

BLACKFORD, J.—This was a petition, filed by the plaintiffs in error in 1847, in thê Circuit Court, by which they claimed that the female plaintiff was entitled to dower in certain real estate. The petition was demurred to, and judgment rendered for the defendant.

The facts stated by the petitioner are as follow :

The female plaintiff was formerly the wife of one *Nathan Carmean*, now deceased. During the coverture, to-wit, on the 3d of *December*, 1839, said *Carmean* purchased of *Ralph Bird*, for the sum of 1,000 dollars, lot numbered sixteen, in *Andersontown*, received a title-bond for the lot, and entered into possession. On the 20th of *July*, 1842, the purchase-money being paid except 250 dollars, the said *Bird*, with his wife, executed a deed in fee simple to said *Carmean* for the lot aforesaid; the latter, on the same day, executing to said *Bird* a mortgage in fee on the lot to secure that part of the purchase-money, to-wit, 250 dollars, which remained unpaid. This mortgage (which was not executed by *Carmean's* wife, who is one of the now plaintiffs,) was afterwards assigned by the mortgagee to *James Calvert*,' the present defendant. Afterwards, in *October*, 1842, *Carmean* died intestate, holding the lot as aforesaid, and leaving the mortgage-debt unpaid. After *Carmean's* death, *Calvert* obtained a decree of foreclosure on the mortgage, under which decree the lot was sold to *Calvert* for 167 dollars. The female plaintiff, in *September*, 1846, demanded of *Calvert* her dower in the lot, which demand was refused ; and, in *November* following, the plaintiffs were married.

The statute of 1838, relative to dower, was in force

when said purchase-deed and mortgage were executed; and the question is, whether, under that statute, the female plaintiff can claim dower in said lot?

According to that statute, the widow of any decedent was entitled to dower in the land to which her husband had, during the coverture, the legal title, and also in the land to which the husband was, at the time of his death, equitably entitled. And the husband was to be considered equitably entitled to any real property for which he had contracted, in proportion to the purchase-money paid in his life time. R. S. 1838, p. 238.

By the words "legal title" in the statute, we understand a title by which the husband had such a seizin of the land as, previously to the statute, entitled his widow to the dower. In the case before us, the conveyance to *Carmean*, and his mortgage for part of the price, were executed on the same day. It is a case, we think, where the seizin of the purchaser was not sufficient to entitle his widow to dower against the mortgage. The following is the language of Chancellor *Kent* on this subject: "A transitory seizin for an instant, when the same act that gives the estate to the husband conveys it out of him, as in the case of a connusee of a fine, is not sufficient to give the wife dower. The land must vest in the husband beneficially for his own use; and then, if it be so vested but for a moment, provided the husband be not the mere conduit for passing it, the right of dower attaches. Nor is the seizin sufficient when the husband takes a conveyance in fee, and at the same time mortgages the land back to the grantor, or to a third person, to secure the purchase-money in whole or in part. Dower cannot be claimed as against rights under that mortgage. The husband is not deemed sufficiently or beneficially seized, by such an instantaneous passage of the fee in and out of him, to entitle his wife to dower as against the mortgagee; and this conclusion is agreeable to the manifest justice of the case." 4 Kent's Comm. 38, 39.

He cites several authorities which sustain that doctrine. The Supreme Court of the *United States* recently, after a

full discussion of the question, decided it in accordance with what is said by Chancellor *Kent* in the above quoted passage. *Mayburry* v. *Brien et al.*, 15 Peters, 21.

It is true, it does not appear in the present case, that the purchase-deed and the mortgage were executed at the same instant; but as their execution was on the same day, they are, we think, within the spirit and justice of the rule.

The mortgagor, *Carmean*, died in possession, and before foreclosure. The only interest he had in the lot, at the time of his death, was an equity of redemption; and out of that interest, under the statute at least, his widow was entitled to dower. That equity of redemption, which was a right to redeem the lot by paying the mortgage-debt, was never taken advantage of by the widow, or by any other person. The consequence was, that the holder of the mortgage, who is the present defendant, obtained a decree foreclosing the equity of redemption, and had the lot sold under the decree. If the lot had sold for more than the debt, the widow would have been entitled to dower in the surplus; but as the sale was for less than the debt, her claim to dower is at an end.

The decree for the defendant is, therefore, right.

*Per Curiam.*—The decree is affirmed with costs.

*T. J. Sample*, for the plaintiffs.

*J. Davis*, for the defendant.