### COMPARET and Others *v.* HANNA and Others.

JUDGMENT.— *Jurisdiction.*— *Scire Facias.*— *Estoppel.*—A declaration in debt was filed in the circuit court in 1840, on the back of which was a writing signed by the defendant and dated three days prior to the filing of the declaration, to the effect that he confessed the indebtedness mentioned in the declaration, to the amount of a certain sum, and desired that judgment be rendered against him for that amount. The record stated that upon the filing of said declaration the plaintiff proved to the satisfaction of the court by oath of a person named that said "cognovit" was duly executed by the defendant, and that he was still living. And thereupon judgment was entered against the defendant for said amount. In 1845 said defendant died, and in 1849 the judgment-plaintiff sued out a *scire facias* from said court against the administrator and heirs of said decedent, which was duly served upon them, requiring them to show cause, if any they had, why execution should not be issued upon said judgment, to be levied upon certain real estate owned by the judgment-defendant at his death. The administrator and heirs failed to appear or show any cause, and the court awarded execution on said judgment, to be levied on said real estate, and execution was accordingly issued, upon which said real estate was sold by the sheriff to the agent of the execution-plaintiff.

*Held*, in a suit by said heirs to recover possession of said land from the grantee of the purchaser at said sheriff's sale, that said original judgment, it being evident from the record thereof that there was neither service of process nor appearance of the defendant, in person or by attorney, was void; but,

*Held*, also, that said heirs were estopped by the judgment on *scire facias* from controverting the validity of said original judgment.

APPEAL from the Allen Circuit Court.

DOWNEY, J.—This was an action brought by the appellants against the appellees for the recovery of certain real estate in the city of Fort Wayne. The general denial was pleaded by the defendants, and the case was tried by the court upon an agreed statement of facts. There was a finding for the defendants, motion for a new trial overruled, and judgment on the finding. It is now here alleged as error, that the court improperly refused to grant the new trial. The new trial was asked for the reason that the finding of the court was contrary to the evidence.

By the statement of facts it was agreed that the plaintiffs were the owners and entitled to the possession of the property, unless their title had been divested by a sale of the

property on execution; and the validity of the judgment and sale is thus brought in question.

The plaintiffs derived their title to the property by descent from Francis Comparet. On the 20th of October, 1840, a complaint in debt was filed in the Noble Circuit Court, by certain parties against said deceased and another, on the back of which was written, "I, Francis Comparet, one of the within named defendants, do confess the debt mentioned in the within declaration, to the amount of two thousand nine hundred and forty-two dollars and ninety-nine cents, and desire that judgment be rendered against me to that amount.

October 17th, 1840.          FRANCIS COMPARET."

The record says: "And thereupon the plaintiffs now prove to the satisfaction of the court, by the oath of Charles Ewing, that the said cognovit was duly executed by the said Francis Comparet, and that he is still living; and the said plaintiffs now remit and release all claim for damages herein and waive the assessment thereof. It is therefore considered by the court now here that said plaintiffs do recover of the said Francis Comparet the sum of two thousand two hundred and forty-two dollars and ninety-nine cents, in said cognovit mentioned, and also their costs and charges in this behalf expended."

Francis Comparet died on the 15th day of February, 1845. On the 5th day of April, 1849, the judgment creditors sued out a writ of *scire facias* against the administrator and heirs of said Francis Comparet, from the Noble Circuit Court, requiring them to show cause, if any they had, why execution should not be issued upon said judgment, to be levied upon the lots in the complaint described, which writ was directed to the sheriff of Allen county, and was duly served on said administrator and said heirs, more than ten days before the next term of the Noble Circuit Court.

The administrator and the heirs failed to appear or show any cause, and the court, at the April term, 1849, awarded execution on the judgment, to be levied upon the lots in the complaint mentioned. Accordingly, execution was issued, and on the 11th of August, 1849, the property was sold, and pur-

chased by one through whom the defendants derive title. There has been no occupancy of said lots by any one under the title resulting from the sheriff's sale, but those claiming under it have paid the taxes and assessments on the lots. The purchaser at the sheriff's sale was the agent of the execution plaintiffs.

Three questions are discussed, and presented for our decision: First, was the original judgment in the Noble Circuit Court against Francis Comparet valid? Second, if it was not valid, then did the judgment on the *scire facias* authorize the sale of the lots? Third, if the sheriff's sale was invalid, then are the plaintiffs barred by the statute of limitations?

It is evident from the record in the original case, in the Noble Circuit Court, that the defendant in that case was not personally in court, and that he did not in person confess the judgment. It is equally apparent that the writing on the back of the complaint did not authorize any one to appear for him, nor does the record show that any one did appear for him. There having been neither service of process nor appearance, the court had no jurisdiction of the person of the defendant, without which no valid judgment could be rendered.

In *Hawkins* v. *Hawkins' Adm'r*, 28 Ind. 66, this court held that the jurisdiction of a party defendant can only be acquired by the proper service of process or notice, or by the appearance of the party in person or by attorney. No one is bound by proceedings which he has had no opportunity of defending against; and if the court has acquired no jurisdiction of the person of the defendant, its proceedings are void and cannot affect his rights. When, however, the judgment or proceedings of a court of general jurisdiction come collaterally in question, and the record discloses nothing upon the point, jurisdiction of the person, the contrary not being shown, will be presumed. See, also, *Horner* v. *Doe*, 1 Ind. 130; *Ferrand* v. *McClease, id.* 87; and *Craig* v. *Glass, id.* 89.

This is not a case where the inference can be indulged that there had been service or an appearance. The record

Comparet and Others *v.* Hanna and Others.

shows no process, or the service or return thereof, and it is very evident that the defendant was not personally in court. Had he been in court, it would hardly have been necessary to prove that he had signed the paper and was still living. The facts shown exclude the idea of any such thing, and put it beyond the reach of presumption to the contrary.

Upon the question relating to the proceeding on *scire facias*, it is insisted by the appellants that the only effect of it was to revive the judgment, but not to impart to it any validity or force which it had not before; that though the defendants in that proceeding might have appeared in obedience to the command of the writ, and by the proper plea have insisted upon the invalidity of the judgment, they were not bound to do so, but might reserve the objection until the lots were sold, and then present it as they have done in this case.

We cannot concede the correctness of this position. According to the agreed statement of facts, the heirs were notified by the writ to appear, and show cause, if any they had, why execution should not be issued on the judgment, to be levied upon the very lots in question. It was not merely to revive the judgment. But the judgment defendant having died, and the title to the real estate having become vested in the heirs, the requisition was that they show cause against the issuing of the execution and its levy upon the property in question which had so descended to them.

It is not only that which the parties actually litigate, which is put at rest by the judgment, but also every other matter which they might have litigated under the issues in the cause. Whenever a matter is adjudicated, and finally determined by a competent tribunal, it is considered as forever at rest. This is a principle upon which the repose of society materially depends; and it therefore prevails, with a very few exceptions, throughout the civilized world. This principle not only embraces what actually was determined, but also extends to every other matter which the parties might

have litigated in the case, *Fischli* v. *Fischli*, 1 Blackf. 360; *Athearn* v. *Brannan*, 8 Blackf. 440.

One reason why the heirs were required by law to be notified before an execution could issue on a judgment rendered against their deceased ancestor in his lifetime, which might be levied on the real estate descended to them, was, that they might have an opportunity, among other things, to show that there was no such judgment. This, according to our opinion with reference to the invalidity of the judgment, would have been a good defense. But having failed to raise the objection at that time, it is too late for them to make it now. It seems clear from the authorities, that the defendants to the *scire facias* might have pleaded *nul tiel record* of the recovery, as well as payment, release, or satisfaction by execution. Tidd Prac. 1130.

It is also said by the same author, p. 1131, when the party has a release or other matter which he might have pleaded to the *scire facias* in his discharge, and for want of pleading it, execution is awarded upon a *scire feci* returned, he is estopped forever and cannot by any means take advantage of that matter.

It seems to us that the question is not whether the *scire facias* imparts vitality and force to the original judgment, but it is whether the defendants to the *scire facias* shall be allowed, after having been summoned into court, and thus having an opportunity to raise the question, to say now, what they might have said then, *nul tiel record*. Mr. Tidd puts it on the ground of estoppel, and we think that is the correct ground on which it securely rests.

It seems to have been held by this court, that in a case like this, the parties resisting the claim made by those claiming title under the execution cannot controvert anything behind the judgment on *scire facias;* and that it is not even necessary for the purchaser at the sheriff's sale, or those claiming under him, to show the original judgment, in order to make good their title. *Carpenter* v. *Doe,* 2 Ind. 465.

It is not necessary that we should consider the third question discussed, after having held the title valid.

The judgment is affirmed, with costs.

PETTIT, C. J., dissents from that part of the opinion holding the original judgment invalid, but concurs in the residue of the opinion, and in the result.

*W. M. Crane*, for appellants.

*R. Brackenridge*, for appellees.