## McCAFFREY *v.* CORRIGAN ET AL.

JUDGMENT.—*Estoppel by.*—*Married Woman.*—A mortgage was executed by the owner of certain real estate, in which his wife did not join. The mortgage recited that it was given to secure the purchase-money of the land mortgaged. In a subsequent suit to foreclose the mortgage, the wife was made a party defendant with her husband, the mortgagor, and the complaint alleged that the mortgage was given for purchase-money. All the defendants made default, and the court found the facts to be as charged in the complaint, and rendered judgment accordingly. The land was sold on the decree of foreclosure. Afterward, the mortgagor died, and his widow brought her action against the parties in possession under the sheriff's deed, for one-third of the land.

*Held,* that she was estopped by the judgment of foreclosure from asserting title and from controverting the fact recited in that judgment, that the mortgage was given for the purchase-money of the land. If the mortgage was not, in fact, given for purchase-money, she should have set up that defence in the foreclosure proceeding.

From the Jennings Circuit Court.

*G. W. Swarthout,* for appellant.

*C. A. Korbly,* for appellees.

DOWNEY, J.—This was a complaint for the partition of certain real estate, of which it is alleged the plaintiff and the defendants are "joint tenants in common." The plaintiff claimed one-third of the land as the widow of Michael McGinty, deceased. Since the death of Michael McGinty, it may be inferred that she has again been married, and thus the change in her name may be explained.

The defendants pleaded, for a second paragraph of answer, as follows: That the plaintiff is estopped from claiming any title to or interest in the real estate described in the complaint, or any part thereof, because, they say, that heretofore, to wit, on the 13th day of December, 1858, one Michael McGinty was the owner of said land described in the complaint, and of which the plaintiff claims partition; that he had an estate in fee simple therein; that on the same day he and one John McGinty, who owned thirty acres of land adjoining said real estate, executed and delivered to one James Gavin a mortgage upon the

east half of the north-east quarter of section nine, in township six of range eight east, in said county, which included the real estate described in the complaint, to secure the payment of three notes executed by said John McGinty and Michael McGinty to the said James Gavin, the first due the 1st of July, 1859, the second due the 1st of July, 1860, and the third due the 1st of July, 1861, for one hundred dollars each, bearing interest from date, given for the purchase-money of said real estate; that said John and Michael McGinty duly acknowledged said mortgage, and the said Gavin caused the same to be recorded in the recorder's office of Jennings county, within ninety days after the execution thereof; that afterward, in 1859, the said James Gavin sold and indorsed two of the notes described in said mortgage to one John R. Conyers; that afterward, on the 15th day of February, 1860, one of the notes last named being due and unpaid, the said John R. Conyers commenced an action to foreclose said mortgage, in the Jennings Circuit Court, to which action he made the said Michael McGinty, John McGinty, Ellen McGinty, the wife of said Michael McGinty, and Nelly McGinty, wife of said John McGinty, parties defendants; that in his complaint the said John R. Conyers alleged that said Michael McGinty and John McGinty executed their notes, copies of which he filed with his complaint, to James Gavin, giving their dates, amounts, etc., as above, and at the same time made and executed to the said Gavin a mortgage, conveying the real estate therein described to the said Gavin to secure the said two notes, with another note of the same amount, due July 1st, 1861, a copy of which mortgage he filed with his complaint. It is further alleged, that the said notes and said mortgage were given as a part of the consideration of the real estate therein described, which was recited in the mortgage, a copy of which was filed with said complaint. Said Conyers also alleged in his complaint that the said two notes were duly assigned to him by indorsement, and prayed judgment on said notes for two hundred and fifty dollars, without relief, etc., and a foreclosure of said mortgage and sale of the mortgaged premises, etc. It is

McCaffrey v. Corrigan et al.

also alleged, that said Conyers caused a summons to be issued upon said complaint, which was duly served, on the 21st day of February, 1860, on said John McGinty and Nelly McGinty, his wife, personally, and returned accordingly ; and afterward, on the 1st day of March, 1860, said Conyers caused an *alias* summons to be issued on the complaint by the clerk of said court, which was delivered to the sheriff on the same day ; that on the 2d day of March,.1860, the sheriff duly served the same on the said Michael McGinty and Ellen McGinty, personally, and made due return on said summons; that afterward, to wit, at the March term of said court, on the 14th day of March, 1860, the said Michael McGinty and Ellen McGinty, and John McGinty and Nelly McGinty, his wife, having been duly and legally served with process in said action, wholly made default, and that the said Jennings Circuit Court had full jurisdiction of their persons and of the said cause of action ; that on the same day the said Gavin appeared in court and became a party to said action, and filed an answer and cross complaint, setting up the note still held by him, secured by said mortgage, and also praying judgment for the foreclosure of said mortgage. Whereupon the cause came on for trial upon said complaint, service of summons, cross complaint, and default aforesaid ; and it appeared to the satisfaction of said court that process had been duly served on said defendants more than ten days before the first day of that term of the court ; and said cause being submitted to the court for trial, and the court having heard all the facts in the premises, found and considered that said John McGinty and Michael McGinty on the 13th day of December, 1858, executed the mortgage exhibited with the complaint, on the real estate described, to secure the payment of the said notes, which were given for the purchase-money of said real estate ; and the court thereupon rendered judgment upon said finding for the amount due on said notes, and for foreclosure of said mortgage, and barring the equity of redemption of said defendants in said real estate ; that said Conyers and Gavin afterward caused an order of sale

to be issued by the clerk of said court, under the seal of said court, to the sheriff of said county ; and afterward the sheriff advertised and sold fifty acres of the real estate to Edward Murphy, and the same was duly conveyed to him by the sheriff ; and afterward another order of sale was issued, and thirty acres, the residue of the land, was sold thereon to James Corrigan, and a sheriff's deed made to him therefor ; that said James Corrigan died, and afterward his widow died, and the other defendants became the owners of the land so purchased by him by descent, alleging a partition of the land among them. It is alleged that the judgment of Conyers and Gavin against Michael McGinty and John McGinty, and Ellen and Nelly McGinty, their wives, remains in full force and unreversed ; that Ellen McCaffrey is the widow of said Michael McGinty, and was a party to said action of foreclosure, and claims the one-third of the real estate described in the complaint as the widow of the said Michael McGinty, and not otherwise ; but these defendants say that she is estopped from so claiming the same, because the said mortgage and judgment are conclusive upon her, that the said mortgage was given by her said husband, Michael McGinty, to said James Gavin, to secure the unpaid purchase-money for said real estate ; wherefore, etc.

A demurrer by the plaintiff to this paragraph of the answer, on the ground that it did not state facts sufficient to constitute a bar to her action, was overruled by the court.

The plaintiff then replied to the second paragraph of the answer as follows : That the mortgage mentioned in the second paragraph of the answer as given by John and Michael McGinty to James Gavin, was not given for the purchase-money of all of the land mentioned in the said mortgage, but, on the contrary, was only given for the thirty acres owned and mortgaged by John McGinty, which thirty acres said James Gavin sold to said John McGinty at the time and date of said mortgage, which was all the land said James Gavin ever owned of the land described in said mortgage ; that the recital in said mortgage that it was given for the purchase-

money of said land has reference only to the purchase-money of the thirty acres, and no more, as will more fully appear from Gavin's deed, a copy of which is filed herewith, etc., said Michael McGinty only signing said notes and giving the mortgage on his fifty acres of land as security, and not as purchaser, neither was any of the money secured by the mortgage purchase-money for said fifty acres of land; that this plaintiff never signed said mortgage, and consequently had no cause of defence or rights to settle in said foreclosure suit; that after the said foreclosure and sale of said premises, the said Michael McGinty, husband of this plaintiff, departed this life, leaving the plaintiff, his widow, and entitled to one-third of said land, by the twenty-seventh section of the statute of descents; that the defendants are not innocent purchasers, etc.; wherefore, etc.

A demurrer was filed by the defendants to this paragraph of the reply, on the ground that the same did not state facts sufficient to avoid their answer. The demurrer was sustained by the court. Thereupon there was final judgment for the defendants.

The errors assigned are:

1. Overruling the demurrer to the second paragraph of the answer.

2. Sustaining the demurrer to the first paragraph of the reply.

As to the first alleged error, counsel for appellant says, that to create an estoppel by record, there must have been some act of the party sought to be estopped upon which to base the record. The answer, it is urged, does not contain a complete record of the foreclosure suit referred to therein, and no copy of the mortgage is set out; but the defendants proceed upon the theory that the plaintiff signed the mortgage, or that the mortgage was given for the purchase-money of the land; and it is insisted that the paragraph of the answer is bad, because it does not set out a full and complete record of the foreclosure suit on which the defendants rely. In our opinion, it was unnecessary to file a copy of the record in the foreclosure suit with

the paragraph of the answer. This is so decided in *Lytle* v. *Lytle*, 37 Ind. 281, and that case has been followed in several other cases.

With reference to the position assumed by counsel, that, to create an estoppel by record, there must have been some act of the party sought to be estopped upon which to base the record, we think it may be said, that it is enough if a fact be alleged in a complaint or other pleading, and found to be true upon a trial, or be admitted by the default of the party to the action, who should controvert it if not true, in order to estop the party seeking afterward to deny such fact.

It was recited in the mortgage, that the debt was for the purchase-money of the land, both the thirty acres and the fifty acres; that fact was alleged in the complaint to foreclose the mortgage, to which the plaintiff in this action was a party. She had legal notice of the pendency of that action and failed to appear and controvert the allegation.

The judgment of the court, so far as it concerns her, was predicated upon the fact thus alleged by the plaintiff in that action, and admitted, or not denied, by her. Upon this admission by her default, the judgment of the court as to her interest in the land was predicated, and upon the faith of the judgment the purchase was made at the sheriff's sale, and the land is now held.

The question is not now whether, in fact, the mortgage was for the purchase-money of the land, of which the plaintiff is now claiming the one-third. That question was settled by the judgment of the court in the foreclosure case, to which the plaintiff was a party. She might then have controverted that fact, had she been inclined to do so, and had the fact been otherwise than as alleged. But we think she cannot now, in this way, controvert that fact. *Comparet* v. *Hanna*, 34 Ind. 74; *Gavin* v. *Graydon*, 41 Ind. 559; *May* v. *Fletcher*, 40 Ind. 575; *Fischli* v. *Fischli*, 1 Blackf. 360. Many other cases in this court might be cited.

The first paragraph of the reply is in contradiction of the record in the foreclosure suit. It alleges that the mortgage

was not given for purchase-money of the land of which the plaintiff is claiming a part, but was given exclusively for the purchase-money of the thirty acres conveyed to, and mortgaged by, John McGinty, which, it is alleged, was the only land conveyed by Gavin.

Counsel for appellee says the reply admits the existence of the record on which the estoppel is based, but asserts, in substance, that the record does not speak the truth, and for this reason is bad.

Counsel for the appellant insists, that there should have been an issue of fact formed, whether or not Michael McGinty, the husband of the plaintiff, was or was not a purchaser of the land in question from Gavin, and whether or not he executed the mortgage for purchase-money.

We think the demurrer was properly sustained to the reply, for the reason stated by counsel for the appellee. To allow the reply to stand, would be to allow the plaintiff to aver the fact to be directly the opposite of what was alleged, and found to be true, in the foreclosure suit. This she cannot do.

There was no error in sustaining the demurrer to the first paragraph of the reply.

The judgment is affirmed, with costs.