No. 9572.

NEWCOME *v.* WIGGINS, RECEIVER, ET AL.

PARTNERSHIP.—*Real Estate.*—*Husband and Wife.*—*Parties.*—*Receiver.*—In an action by the wife of a surviving partner against a receiver of the firm who has sold real estate as partnership property and has the proceeds in court, to recover one-sixth of such proceeds, on the ground that the real estate was owned by her husband and his deceased partner as tenants in common, the purchasers of such property are neither proper nor necessary parties.

SAME.—*Wife's Interest in Proceeds.*—*Estoppel.*—In such case the wife having been a party to the proceedings of the receiver, instituted to obtain an order to sell the real estate as partnership property, is concluded by

the judgment, and so long as it remains in force can not claim any portion of the proceeds of the sale.

JUDGMENT.—*Action to Set Aside.*—*Practice.*—*Complaint.*—A complaint to set aside a judgment taken against a party through his surprise, inadvertence or excusable neglect, need not be verified.

SAME.—*Parties.*—*Waiver.*—If all persons who were parties to the former proceedings should not be parties to such application to set aside the judgment, a failure to demur for such reason is a waiver of the objection.

SAME.—*Pleading.*—*Complaint.*—A complaint, in such application, under section 99 of the code, 2 R. S. 1876, p. 82, showing that the judgment was taken through a party's excusable negligence, and that he has a meritorious defence, is sufficient.

From the Wayne Circuit Court.

*W. A. Bickle,* for appellant.

*H. C. Fox, W. D. Foulke* and *J. L. Rupe,* for appellees.

BEST, C.—The appellant commenced this suit against Andress S. Wiggins, receiver of the late firm of R. & F. G. Newcome, and thirty-two other persons.

In the complaint it was substantially alleged that from the 1st day of January, 1861, until the 25th day of September, 1876, Robert and Franklin G. Newcome, brothers, were in partnership, in the milling business, in Hagerstown, Wayne county, Indiana; that, on the day last named, Robert died, and at his death said firm owned some real and personal property, and was indebted in a large sum, the amount of which was unknown to the plaintiff; that, at the time of Robert's death, he and Franklin G. Newcome owned a large amount of other real estate as tenants in common, which is specifically described in the complaint, and which it is averred was not partnership property, nor purchased with partnership means, nor used for partnership purposes; that the plaintiff is now, and for a great many years has been, the wife of Franklin G. Newcome, who, as surviving partner, in November, 1876, obtained an order from the Wayne Circuit Court to sell the property mentioned in the complaint as partnership property, for the payment of partnership debts, but that she was not a party to such proceedings, and is not bound by such order. It is

also averred that Andress S. Wiggins, on the 9th of March, 1878, was duly appointed receiver of the effects of said firm, and at once entered upon the discharge of the duties of his trust; that afterward he filed an application in the Wayne Circuit Court for an order to sell all of said property as the property of said firm, and made the plaintiff, Franklin G. Newcome, her husband, and Franklin G. Newcome, Jr., the minor son of Robert Newcome, deceased, and his only heir, parties defendants thereto; that, immediately after the summons was served upon her, the said Wiggins notified her that she need not appear to said proceeding, as her rights were not intended to be affected, and would not be; that she was merely a nominal party, and that her rights would be protected; that, relying upon such statements, she did not appear to said action, nor did she authorize any one to appear for her, and she did not learn for more than one year thereafter, that her interests were affected, or that said property was adjudged to be partnership property as against her; that, at the expiration of such time, she first learned such fact, and also learned that W. W. Woods, an attorney of said court, had filed an answer for her, alleging that such property was not partnership property, but was held by her husband and his deceased brother as tenants in common; that a demurrer was sustained to such answer and an exception reserved.

It is further averred that the receiver, in pursuance of said order, sold the various parcels of land embraced in the complaint, some of which was purchased by each of the thirty-two persons mentioned therein, and all was sold for its full value; that the persons who purchased the same paid the full value, under the belief that it was partnership property, and that the plaintiff had no interest in it; that, by reason of such sales, her interest therein has become absolute, and that she is entitled to the undivided one-sixth part thereof, but, as the purchasers of said land paid the full value of the same, she is willing to accept her interest in money, and relinquish her title to said land; that the receiver has the money in court,

more than sufficient to satisfy her claim, and is about to distribute the same to the creditors of said firm; that one-sixth of the money for which said lands were sold does not, in equity, belong to the creditors of said firm, and that its payment to her will not reduce the fund out of which their claims should be paid. She further alleges that the judgment so taken against her by the receiver was taken against her through her mistake, inadvertence and excusable neglect; that the court erred in sustaining the demurrer to her answer and in rendering judgment against her. Prayer, that the receiver be directed to pay her one-sixth of the money for which said lands sold, or, if the facts do not entitle her to such relief, that the judgment in favor of the receiver be set aside, and that she be allowed to defend, or, if she is not entitled to such relief, that the judgment be reviewed and reversed for error apparent of record, and for other relief.

Copies of the proceedings by the surviving partner and by the receiver are filed with the complaint, and marked exhibits "A," "B," "C," "D," "E," "F," "G" and "H."

Exhibit "D," omitting the title of the cause and court, was as follows: "Andress S. Wiggins, receiver, heretofore appointed by the court for the late firm of R. & F. G. Newcome, comes and shows to the court that Robert Newcome died at this county intestate, on the — day of ——, 187–, a member of the firm of R. & F. G. Newcome, and that by his death said firm was dissolved; that said Robert left surviving him as his only heir-at-law his son Franklin G. Newcome, Jr.; that said firm of R. & F. G. Newcome were the owners of the real estate described in schedule 'A,' hereto attached and made part hereof, as partnership property of said firm; that at the November term, 1876, of the Wayne Circuit Court, a petition was filed in said court by Franklin G. Newcome, a surviving partner of said firm, making Elizabeth Newcome and Franklin G. Newcome and the only heir-at-law of Robert Newcome, deceased, parties thereto, and alleging that said real estate was the partnership property of R. & F. G. New-

come, and that the heirs of said Robert Newcome and the said Elizabeth Newcome had no interest therein until after the payment of the debts of said R. & F. G. Newcome; and upon said petition and in the proceeding therein the court so found and adjudged. And said receiver further alleges that the said firm of R. & F. G. Newcome is insolvent, and that it will require the sale of all the property of said firm to pay the debts thereof; and he further says that there remains in his hands, as such receiver, the real estate of R. & F. G. Newcome, which is particularly described in the paper marked 'A,' hereto attached and made a part hereof, and that said real estate should be sold for the payment of the debts due from said firm, and the receiver prays the court for an order to sell said real estate, and all thereof, upon such terms as the court shall fix and designate, and the said Franklin G. Newcome, Elizabeth Newcome, his wife, and Franklin G. Newcome, Jr., be each required to appear and answer herein as to any interest they may have or hold in said real estate or be forever debarred therefrom."

Schedule "A" contains a description of the lands embraced in the plaintiff's complaint.

Exhibit "F" was the answer of the appellant herein. The answer admitted that the defendant Elizabeth was the wife of Franklin G. Newcome; that her husband and Robert Newcome had been partners until the 25th day of September, 1876, when the death of the latter dissolved the firm; that at that time they owned the real estate mentioned in schedule "A," but it was averred that they owned the same as tenants in common, and not as partnership property; that, as the wife of said Franklin G. Newcome, she had an inchoate interest in the undivided one-sixth part thereof, and that she did not consent that said interest should be sold for the payment of the debts of said firm. Prayer accordingly.

A demurrer for want of facts was sustained to this answer, to which an exception was reserved and a final judgment rendered, adjudging that the property was partnership property,

and ordering the receiver to sell it for the payment of the debts of said firm.

Exhibit " A " was the petition of Franklin G. Newcome, as surviving partner, to sell a portion of the land embraced in schedule " A." Exhibit " B " was the answer of the guardian *ad litem* of Franklin G. Newcome, Jr.; and exhibit " C " was the judgment ordering the sale of said property for the payment of debts of said firm, neither of which need be set out more fully.

Andress S. Wiggins appeared and demurred to the complaint for the following reasons:

" 1st. That the court has no jurisdiction of the person or of the subject of the action.

" 2d. That the plaintiff has not legal capacity to sue.

" 3d. That there is another action pending between the same parties for the same cause of action.

" 4th. That there is a defect of parties plaintiffs.

" 5th. That there is a defect of parties defendants.

" 6th. That the last amended complaint does not state facts sufficient to constitute a good cause of action.

" 7th. That several causes of action have been improperly united."

This demurrer was sustained, and, the plaintiff declining to further plead, final judgment was rendered against her.

From this judgment the appellant appeals, and insists that the court erred in sustaining the demurrer to the complaint.

The record does not show that the thirty-two other defendants took any steps in the case, but as the parties agree that each defendant filed a similar demurrer which was sustained, to which a like exception was reserved, and express a wish that the record shall be so regarded, we will thus treat it.

These demurrers were properly sustained. No facts entitling the plaintiff to any relief against these thirty-two purchasers were averred. If the property in dispute was partnership property, these purchasers had no interest in the fund, nor in its disposition. If it was not, this fact might have

been ground for complaint by them, but could not possibly constitute a cause of action against them in favor of the appellant. Nor were they necessary or proper parties in such controversy between the appellant and the receiver, as such controversy could be settled as well without as with them. The appellant does not claim, nor do we think the complaint states facts which entitle the plaintiff to a partition of the lands as against these purchasers, and, therefore, we do not think it stated any cause of action against them or either of them. If it can be thus regarded, it is bad, for the reasons hereinafter given why it did not state facts which entitle the plaintiff to any portion of the fund in the hands of the receiver. These demurrers were, therefore, properly sustained.

The facts stated in the complaint do not, as we think, entitle the appellant to a judgment for any portion of the fund in the hands of the appellee Wiggins. The complaint stated that Robert and Franklin G. Newcome owned the lands mentioned as tenants in common; that the plaintiff, as the wife of Franklin G., had an inchoate interest in the undivided one-sixth part thereof, which had become absolute by a judicial sale; that they had been sold for their full value to purchasers who bought and paid for them without any notice that the appellant had an interest in them, and, had the complaint gone no further, we are not prepared to say that the facts thus stated would not entitle the appellant to the relief sought. The complaint, however, goes further. It states that the appellee instituted a suit against the appellant, her husband, and Franklin G. Newcome, Jr., alleging that the property in question was partnership property; that she was made a party, and that it was adjudged, in such proceeding, that said property was the partnership property of the firm of R. & F. G. Newcome, and that it was necessary to sell the same to pay the debts of said firm. These averments are material. From them it appears that the question of fact, as to whether this land was or was not partnership property, was determined adversely to the appellant in the other proceeding. So long

as that judgment remains in force, it concludes the appellant, Without getting rid of it, she can not again controvert that question.

In *McCaffrey* v. *Corrigan*, 49 Ind. 175, a similar question was decided. The action was brought to foreclose a mortgage alleged to have been executed by a married woman and her husband, to secure the payment of the purchase-money of such real estate. Judgment of foreclosure and sale of the property. After the death of the husband, the wife brought an action for partition against the purchasers of such foreclosure sale, claiming one-third of the land as surviving wife. The defendants relied upon the judgment as an estoppel, and the plaintiff replied that the mortgage was not, in fact, given for purchase-money. The court said: "The question is not now whether, in fact, the mortgage was for the purchase-money of the land, of which the plaintiff is now claiming the one-third. That question was settled by the judgment of the court in the foreclosure case, to which the plaintiff was a party. She might then have controverted that fact, had she been inclined to do so, and had the fact been otherwise than as alleged. But we think she can not now, in this way, controvert that fact. *Comparet* v. *Hanna*, 34 Ind. 74; *Gavin* v. *Graydon*, 41 Ind. 559; *May* v. *Fletcher*, 40 Ind. 575; *Fischli* v. *Fischli*, 1 Blackf. 360."

The fact adjudged against the appellant in the proceeding by the appellee is the same fact which she seeks to controvert in this suit, and this, we think, she can not do in this way. The averments in the complaint, that she has an interest in said lands which has become absolute by judicial sale, do not control the averment that such fact has been otherwise adjudged in a proceeding to which she was a party. If the latter had first been brought forward in an answer, the same would have been sufficient, and the fact that they appear in the complaint does not impair their force. However pleaded, they show that the fund arose from the sale of partnership property, to no part of which has the appellant any claim until the debts

of the firm are fully paid. For these reasons, we think the appellant was not entitled to any part of said fund.

The appellant also insists that, if the facts stated do not entitle her to a judgment for a portion of the fund, the complaint was good as an application to set aside the judgment obtained by the receiver against her, under section 99 of the code. The latter part of that section reads thus: "The court may also in its discretion allow a party to file his pleadings after the time limited therefor; and shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceedings on complaint or motion filed within two years."

The appellee insists that the complaint is not sufficient for such purpose, for the following reasons:

1st. The complaint was not filed within two years after the rendition of the judgment;

2d. The complaint is not verified; and,

3d. The action is not between the same persons who were parties to the action in which the judgment was rendered.

The first objection is not true in point of fact. This suit was commenced on the 15th day of November, 1880, and the judgment was rendered in June, 1879. The complaint was filed in time.

The second objection can not be sustained, as the statute does not require the complaint to be verified. We have been referred to *Buck* v. *Havens*, 40 Ind. 221, *Lake* v. *Jones*, 49 Ind. 297, *Nord* v. *Marty*, 56 Ind. 531, and *Bristor* v. *Galvin*, 62 Ind. 352, as settling the practice, but none of them hold that the complaint must be verified. In *Buck* v. *Havens*, it was said that "The practice very justly requires the party who seeks to be released from a judgment to show that he has a meritorious cause of action or defence, as the case may be, which is involved in the judgment from which he seeks to be relieved, and this should be supported by his affidavit." This merely requires a showing, and this showing may be by verified complaint or by a separate affidavit. However made, its

office is to prove the averment, and not to render it sufficient. Manifestly, a complaint is as good without as with a verification, unless the statute requires it. If an unverified complaint is supported by an affidavit upon the hearing, this is equivalent to a verification. This need not be done, if the opposite party admits that the facts averred are true. This he does by his demurrer; and " This," in the language of this court in *Nord* v. *Marty, supra*, " was tantamount, in our opinion, to a submission of the cause to the court below for a hearing on the facts set out in the verified complaint." No showing was necessary.

The objection, that the action is not between the persons who were parties to the judgment, is equally untenable. The statute does not require it in terms, and, if it could be so construed, the failure to demur to the complaint for defect of parties, naming them, was a waiver of the objection. *Marks* v. *The I., B. & W. R. W. Co.*, 38 Ind. 440; *Durham* v. *Bischof*, 47 Ind. 211.

It is further insisted that the judgment should not be set aside, as it does not appear that the appellant can avoid in any way the judgment rendered against her in the proceeding instituted by her husband, and for that reason she will be unable to make any defence to the action brought by the receiver. This is assuming as true what the latter avers. This we can not do, especially since the appellant alleges that she was not summoned, nor did she appear or authorize any one to appear for her, and that no judgment was rendered against her in such proceeding. Again, it appears from the record that only a small portion of the land embraced in the receiver's complaint was included in the proceedings of the surviving partner, and as to the excess the appellant may make a defence. However this may be, the complaint avers a meritorious defence, and this is sufficient.

It is not claimed that the facts averred do not show " excusable negligence," and we think they clearly show that the judgment was thus taken. *Hunter* v. *Francis*, 56 Ind. 460; *Nord* v. *Marty*, 56 Ind. 531.

As the complaint was sufficient under section 99, the demurrer by the receiver was improperly sustained, for which the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things reversed as to the receiver, and affirmed as to the other appellees, with instructions to overrule the demurrer of the former, to apportion the costs, and for further proceedings.