Baker v. McCune.

---

No. 8656.

BAKER v. McCUNE.

| 82 | 339 |
| 141 | 155 |
| 82 | 339 |
| 146 | 700 |
| 82 | 339 |
| 152 | 315 |

MARRIED WOMAN.—*Mortgage.* — *Redemption.*—*Judicial Sale.*—*Vendor and Purchaser.*—*Statute Construed.*—Where during marriage a husband purchases lands, and gives a mortgage for purchase-money, the wife has, in consequence of section 2495, R. S. 1881, no inchoate interest in the land, as against the mortgagee, and, therefore, no interest vests in her, under section 2508, upon sale of the land under a decree of foreclosure against the husband alone, and in such case the purchaser may, upon suit against her, obtain a decree fixing a time within which she must redeem or be barred.

From the Whitley Circuit Court.

*J. S. Frazer, W. D. Frazer* and *J. S. Collins,* for appellant.
*W. Olds* and *H. S. Biggs,* for appellee.

NIBLACK, J.—Action by Elizabeth Baker against John McCune for partition.

The complaint averred that the plaintiff had been for more than thirty years, and then was, a married woman, and the wife of one Joseph Baker; that on the 7th day of December, 1876, the said Joseph Baker executed to the defendant, as the executor of the last will of Henry McCune, deceased, his mortgage conveying to the defendant, as such executor, a tract of land in Whitley county, containing one hundred and sixty acres, to secure the payment of the sum of two thousand and seven hundred dollars, with interest, that sum being the balance remaining due for unpaid purchase-money on said land; that the plaintiff did not unite in the execution of said mortgage; that, at the April term, 1877, of the Whitley Circuit Court, the defendant, as executor as aforesaid, re-

covered judgment against the said Joseph Baker for the aggregate sum of $3,077.96, being the estimated amount then due which the mortgage was given to secure, and obtained a decree foreclosing the mortgage to satisfy said judgment; that afterwards, on the 22d day of December, 1877, the land was exposed to sale by the sheriff, under the decree of foreclosure, and the defendant became the purchaser for the amount then due for principal, interest and costs on said judgment; that, on the 26th day of December, 1878, the sheriff executed to the defendant a deed for the land in pursuance of the terms of his purchase, conveying to him, the defendant, all the title of the said Joseph Baker in and to the same; that said land was of the value of six thousand dollars, and no more; that by reason of the premises the plaintiff and defendant were tenants in common of the land so mortgaged by the said Joseph Baker, she being the owner in fee simple of one undivided third part thereof, and he being the like owner of the remaining two-thirds; that partition had been demanded and refused.

The defendant demurred to the complaint for want of sufficient facts, and at the same time filed a cross complaint, setting up with greater particularity the principal facts averred in the complaint, and praying a foreclosure of the mortgage as against the plaintiff.

The court sustained the demurrer to the complaint and rendered final judgment thereon upon demurrer in favor of the defendant.

The plaintiff, after final judgment as above, moved to strike out the cross complaint, but her motion was overruled. She then demurred to the cross complaint, but her demurrer was also overruled. Such further proceedings were thereupon had upon the cross complaint as resulted in a decree of foreclosure of the mortgage as against the plaintiff, and an order for the sale of the entire tract of land in case the plaintiff did not, within three months, redeem the same from the former sale.

The plaintiff has appealed and assigned error upon the de-

cision of the court sustaining the demurrer to the cross complaint, and upon the proceedings upon the cross complaint.

Section 31 of the act regulating descents and the apportionment of estates, which was in force at the time of the execution, as well as the foreclosure of the mortgage, reads as follows:

"Where a husband shall purchase lands; during marriage, and shall, at the time of purchase, mortgage said lands to secure the whole or part of the consideration therefor, his widow, though she may not have united in said mortgage, shall not be entitled to her third of such lands, as against the mortgagee or persons claiming under him; but she shall be entitled to the same as against all other persons." 1 R. S. 1876, p. 413.

The act of 1875 neither enlarged nor abridged the inchoate interests of married women in the lands of their husbands. It simply provided, that in a certain contingency such inchoate interests as the law might, at the time, recognize as existing inchoate interests, should vest and become absolute in the wife, in the same manner and to the same extent as if she had survived her husband and had become his widow. Acts 1875, Regular Session, 178.

At the time she commenced this action the plaintiff occupied the same relation to the land, of which she demanded partition, that she would if she had already become the widow of her husband. If, therefore, as the widow of her husband, the plaintiff would have had no interest in the land, it follows that she had no inchoate interest to vest and become absolute at the time of the sheriff's sale.

Applying the provisions of sec. 31, *supra,* to the facts averred in the complaint, and giving those provisions what seems to us to be a fair and reasonable construction, as applicable to those facts, we think the plaintiff failed to show any title to the land, as against the defendant, and that the demurrer to the complaint was correctly sustained. *Nottingham* v. *Calvert,* 1 Ind. 527; *Fletcher* v. *Holmes,* 32 Ind. 497; *May* v.

*Fletcher*, 40 Ind. 575; *Huston* v. *Neil*, 41 Ind. 504; *McCaffrey* v. *Corrigan*, 49 Ind. 175.

The cross complaint did not make a case for the foreclosure of the mortgage and a resale of the land, as against the plaintiff. Its averments were not sufficient to support more than a decree limiting the time within which the plaintiff might exercise her right to redeem the land, but to that extent we think the cross complaint constituted a good cause of action against her. No question is made as to the sufficiency of time allowed her to redeem, and hence there is nothing before us upon that branch of the decree.

As the plaintiff was shown to have no title to the land, and as there was no personal judgment against her, the erroneous entry of the decree of foreclosure upon the cross complaint was, as to her, a harmless error.

Nothing has, consequently, been urged on her behalf, entitling her to a reversal of the judgment.

The judgment is affirmed, with costs.