## BUCK _v._ HAVENS.

PRACTICE.—_Relief Against Judgment on Default._—On an application to set aside a judgment obtained by default, affidavits in support of the motion and in opposition thereto are admissible from either party, as well as oral testimony or depositions. But counter evidence will not be heard in any form as to the matters alleged as constituting a meritorious defence to the original action.

APPEAL from the Howard Common Pleas.

WORDEN, J.—Complaint by Buck against Havens, to be relieved from a judgment and to obtain a new trial in a cause. It is alleged in the complaint, that the defendant, Havens, sued the plaintiff, Buck, on an account, before the mayor of Kokomo, and that on the 28th of May, 1870, the parties having appeared and the cause having then been tried, judgment was rendered in favor of the plaintiff herein; that Havens took an appeal in said action to the court of common pleas on the 6th of June, 1870, and that at the June term, 1870, to wit, on the 19th of July, 1870, judgment was rendered by default in said action in favor of said Havens against said Buck, for the sum of one hundred dollars and costs. The complaint alleges that the plaintiff "had no knowledge whatever that said Havens had appealed to this court from the judgment of said mayor, nor that said appeal was pending in this court at the June term aforesaid; and that he was prevented from making any inquiry concerning the same and from knowing that said appeal was then pending, because he removed with his family, on the said 6th day of June aforesaid, to the city of Indianapolis, where he has since resided; and because that in a day or two after the taking of said appeal, the wife of the plaintiff was taken dangerously ill, and was then lying at the point of death, so that the plaintiff was unable to leave his said wife to make inquiry concerning said cause, and from knowing whether the said judgment of said mayor had been appealed from; whereupon the plaintiff was compelled to and did make default, and failed to appear to said action, having no knowl-

edge that the same was then pending." The complaint also alleges a meritorious defence to the action, setting it out, and was verified by the affidavit of the plaintiff.

The defendant filed an answer, accompanied by several affidavits. The plaintiff moved to reject the answer and affidavits, but the motion was overruled, and exception taken. He then demurred to the answer, but for what cause does not appear, as the demurrer does not come up with the transcript. The demurrer was overruled, and the plaintiff excepted.

The matter was submitted to the court for trial, and there was a finding and judgment for the defendant, Havens.

Buck appeals and seeks a reversal of the judgment.

It appears by the affidavits of the appellee and of the mayor of Kokomo and J. H. Kroh, that *immediately* after the rendition of the judgment by the mayor, the appellee notified the appellant herein that he would appeal from said judgment. No great importance, however, can be attached to this fact, as men frequently, under the chagrin and disappointment resulting from an adverse verdict or judgment, talk of appealing, but finally, upon cooler deliberation, act otherwise.

But it appears by the affidavit of John W. Cooper, the mayor, before whom the original suit was brought, that on or immediately after the 6th of June, 1870, he informed said Buck that Havens had taken an appeal from the judgment so rendered against him, and that he had filed his appeal bond, with Francis O. Dowd as his surety. It also appears by the affidavit of the appellee, that some time after he had filed his appeal bond, he met Buck, specifying the place, and informed him that he had taken the appeal. It is further established by the affidavits, that the appellant was in the city of Kokomo from a week to ten days during the term of the court at which the judgment was rendered against him, and that he was in the court-house on one occasion at that term of the court.

Even if the complaint should be regarded as stating a

sufficient ground for setting aside the default, a point which we do not decide, the evidence conclusively rebuts it. The ground relied upon in the complaint is, that the appellant here had no notice of the appeal from the judgment rendered by the mayor, stating the reason why he could not or did not procure the information; but the evidence shows that he had such notice, or if he had not, he was guilty of the grossest negligence in not procuring it, as he was in the city of Kokomo, where the court was held, a week or ten days during the term at which judgment was rendered. It will be observed that the court commenced in June, and the judgment was not rendered until the 19th of July.

There is nothing in the case, in our opinion, that entitled the appellant to any relief, either under the statute as it formerly stood, or as it now exists. See *Phelps* v. *Osgood*, 34 Ind. 150.

But it is insisted that the court erred in not striking out or sustaining the demurrer to the defendant's answer. We are of opinion that under the 99th section of the code, as amended (3 Ind. Stat. 373), no further pleadings are contemplated than the complaint or motion, and that the matter should be heard in a summary manner by the court. *Ratliff* v. *Baldwin*, 29 Ind. 16. But we do not see how the appellant was injured by the filing of the answer. The case was tried on the complaint, and the evidence showed that it was unfounded. We are not informed by the record on what ground the demurrer to the answer was filed; but whatever it may have been, no fatal error was committed in overruling it, the case having been tried as upon a denial of the complaint. If no further pleadings are required in such case than the complaint or motion, it follows that evidence controverting or avoiding the facts alleged as the ground of relief must be admitted without pleading.

But it is insisted that counter affidavits could not be filed. If such cases are to be tried on affidavits, it is clear that counter affidavits are admissible. It cannot, with any propriety or regard to the rights of the parties, be held that

Buck *v.* Havens.

one party may file affidavits, and not the other.   It would work the grossest injustice to let one side be supported by affidavit, and shut the mouth of the other party.   It may be that it would be the better practice in such cases to require the evidence to be adduced in the ordinary mode, that is, orally or by deposition.   But in this case the objection seems to be, not to the character of the evidence, being affidavits instead of depositions or oral testimony, but to the introduction at all of evidence controverting the case made by the appellant.   He only offered his own affidavit, and that was all the evidence adduced by him.   If affidavits are not competent, then the appellant offered no competent evidence to make out his case.   We are inclined to hold, however, in view of what we suppose to be quite common in practice, that affidavits are admissible in such cases as well as oral testimony or depositions.   But we cannot hold that one party has the right to introduce evidence and not the other.   Such a rule would be subversive of the ends of justice, and would bring the law and its administration into merited disrepute.

The practice very justly requires the party who seeks to be relieved from a judgment to show that he has a meritorious cause of action or defence, as the case may be, which is involved in the judgment from which he seeks to be. relieved, and this should be supported by his affidavit.   On this point counter affidavits will not be received, because that would put in issue the merits of the original action, which cannot well be tried until it is determined whether the original action shall be tried.   *Hill* v. *Crump*, 24 Ind. 291.   But in respect to the grounds on which relief against the judgment is asked, evidence will be heard on both sides, because those matters may properly be put in issue.

There is no available error in this record, and the judgment must be affirmed.

The judgment below is affirmed, with costs.

*N. P. Richmond* and *C. E. Hendry*, for appellant.

*J. H. Kroh*, for appellee.