## NORD *v.* MARTY.

56    531
138   502

PRACTICE.—*Section* 99 *of the Code.*—*Relief from Judgment taken through Mistake, etc.*—In a proceeding, under section 99 of the code, by verified complaint, to obtain relief from a judgment taken against the plaintiff in such proceeding, through his mistake, inadvertence, surprise or excusable neglect, a demurrer to said complaint, upon the ground that it does not state facts sufficient to constitute a cause of action, amounts to a submission of the cause to the court for a hearing on the facts set out in such complaint.

SAME.—When, in such a proceeding, brought by the defendant in the original action, a meritorious defence to said original action being shown, it was also shown, that said defendant, being a German, with a very imperfect understanding of the English language and but little knowledge of business, and especially of legal proceedings, went to court to employ counsel and defend said original action, and was there met by the plaintiff therein, who talked with him about compromising the case, and finally told him the case was continued, for him to go home, and they would see if they could not compromise the case; that he went back to his farm, believing that nothing more would or could be done in the case without further notice to him; that, after the term, the attorney of the plaintiff in said original case went to the farm of said defendant and talked with him about compromising the case, which was not done; that, before the next term, said defendant went to the State of Kentucky on business requiring his attention, and before his business was completed and he could return, the Ohio river was frozen up, and navigation closed, and he was thereby prevented from returning till after, at the next term, he was defaulted, and the judgment from which relief was sought was taken against him.

*Held*, that sufficient cause was shown for relief from said judgment.

From the Spencer Circuit Court.

*C. L. Wedding* and *R. G. Evans*, for appellant.

*G. L. Reinhard* and *E. M. Swan*, for appellee.

HOWK, J.—In this action, the appellant, as plaintiff, filed his verified complaint against the appellee, as defendant, in the court below, under the provisions of the last clause of section 99 of the practice act. 2 R. S. 1876, p. 82. This complaint was filed on the 16th day of September, 1875. This complaint is very long; but as the only error assigned in this court calls in question the sufficiency of the facts stated in said complaint to constitute a cause of action, we find it necessary to give a summary of its contents.

The appellant alleged, in substance, that on October 15th, 1874, the appellee commenced an action against the appellant and others, in the court below, to set aside, and have declared void, the appellant's title in and to certain real estate described, in Spencer county, Indiana, alleging, among other things, that the appellant got his title to said real estate from Catharine B. Nord, and that said Catharine B. Nord got her title from Peter Lindaur, and that said Lindaur got his title from John Nord, and that all of said conveyances were fraudulent and void as to the creditors of said John Nord, all of which would more fully appear by reference to the complaint in said action; that a summons was issued on said complaint, requiring the appellant and the other defendants to appear in the court below, on the 2d day of its October term, 1874; that the appellant came to said court in due time, and was proceeding to employ counsel and to prepare for the defence of said cause; but before the appellant had employed counsel, or made any defence to said suit, the appellee approached the appellant and talked with him about compromising the case, and, this not being done, the appellee continued his case generally, and told the appellant, " that the case was continued, for him to go home, and they would see if they could not compromise it;" that the appellant " being a German,

Nord *v.* Marty.

and having a very imperfect understanding of the English language, and little knowledge of business and especially of legal proceedings," the appellee and his counsel took just such steps as their interest required, and the appellant went to his farm in Carter township, "having no thought, information or belief, that any thing more could or would be done without further notice to him;" that between the October and January terms of the court below, the appellee's counsel came to appellant's residence in Carter township, and talked about compromising said suit, which was not done, and said counsel went away; that in December, 1874, the appellant went to Owensboro, Kentucky, on business requiring his attention, and before said business was completed, and he could return home, the Ohio river was frozen up, and all navigation and intercourse between Spencer county, Indiana, and Owensboro, Kentucky, were entirely closed and suspended until the 1st day of March, 1875, so that the appellant was continuously and unavoidably absent from said county and the court below, during all of said time, and had no opportunity whatever of making a defence to the appellee's said suit, at the January term, 1875, of said court; that the appellant being deceived by appellee's propositions to compromise, and having no thought that said cause would be tried without further notice to him, and being absent from the State as aforesaid, and unable to make any defence, the appellee called his cause for trial, at the January term, 1875, of the court below, and had the appellant defaulted, and then and there, in the absence of, and without any appearance by or for, the appellant, and upon the default of all the defendants, the said cause was heard and determined against the appellant, and a decree was entered in said court, declaring the said conveyances and each of them illegal and void as to the appellee.

The remainder of the appellant's complaint in this cause was devoted to a showing, that he had a valid and

meritorious defence to the appellee's original action, and we need not set it out in this opinion. In addition to this, it was alleged by the appellant, that the appellee had sued out an order of sale on his original decree, and had caused the appellant's said real estate to be sold by the sheriff of said county, and that, at said sale, the appellee became the purchaser, with full notice, of said real estate. The relief asked for by the appellant in this cause was, that the default and judgment, and the said sheriff's sale thereunder, in the original cause, might be set aside, and that he, the appellant, might be allowed to defend said original cause. Appellant's complaint was verified by his own oath and the oaths of John Nord and Peter Lindaur.

The appellee demurred to the appellant's complaint, for the want of sufficient facts therein to constitute a cause of action, which demurrer was sustained by the court below, and the appellant excepted to this decision. And, upon this ruling, judgment was rendered in favor of the appellee, and against the appellant, for the costs of this action.

The decision of the court below, in sustaining the appellee's demurrer to the appellant's complaint, is the only error assigned in this court.

As we have already said, this cause or proceeding was evidently brought under the provisions of the last clause of the 99th section of our practice act. This clause reads as follows: "The court * * * shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceedings on complaint or motion filed within two years." This provision of our code of practice has often been considered by this court; and, as a result of the decisions, it may be stated as settled, that no formal pleadings are necessary in the proceedings authorized by the clause cited, beyond the complaint or motion of the party seeking relief. *Lake* v. *Jones*, 49

Ind. 297; *Buck* v. *Havens*, 40 Ind. 221. Two things must be shown to the court below, by the party asking to be relieved from the judgment, either by his complaint duly verified, or by the affidavit on which the motion is founded, as follows:

1. "That he has a meritorious cause of action or defence, as the case may be, which is involved in the judgment from which he seeks to be relieved." *Buck* v. *Havens, supra.*

2. The facts, which tend to show that such judgment was taken against him, through his mistake, inadvertence, surprise or excusable neglect, should be clearly set forth, in plain and concise language.

And the matters presented in such complaint or motion should be heard by the court, in a summary manner. *Ratliff* v. *Baldwin*, 29 Ind. 16. But, on such hearing, neither counter affidavits nor contradictory evidence should be received on the question, whether or not the party seeking relief from the judgment has a meritorious cause of action or defence, as the case may be. On all other questions involved, any competent evidence, offered by either party, should be heard, as in other cases. *Buck* v. *Havens, supra.*

In the case at bar, the appellee demurred to appellant's verified complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. This was tantamount, in our opinion, to a submission of the cause to the court below for a hearing on the facts set out in the verified complaint. By sustaining the appellee's demurrer to said verified complaint, the court simply held, that the showing therein made was not sufficient to entitle the appellant to be relieved from the judgment taken against him. The error assigned by the appellant, we think, fairly presents for our consideration the correctness of the decision of the court below.

In our opinion, the appellant showed very clearly and conclusively, in his verified complaint, that he had a mer-

itorious defence to appellee's original action. For if, as the appellant alleged, he was a *bona fide* purchaser, for value, of the real estate in controversy in the original action, and without notice of any fraud of any of his grantors, immediate or remote, it can not be doubted, that a proper showing of these facts would have constituted a good defence, on his part, to appellee's original action.

The other question in this case is a more difficult one, and that is, whether or not the judgment, from which the appellant asked to be relieved, was taken against him, through his excusable neglect. From a careful examination of the statements contained in appellant's verified complaint, it has seemed to us, that, if the appellant's neglect in suffering a judgment by default to be entered against him was excusable, it must result from the fact that the appellant may possibly have been misled by the acts and words of the appellee and his counsel, in relation to a compromise, before the term of the court at which the default was entered. On this point we have nothing before us but the *ex parte* statements of the appellant. These statements, however, are duly verified, and, for the purposes of this case, must be taken as strictly and literally true. From these statements, it appeared, in substance, that the appellant was a German, with a very imperfect understanding of the English language, and but little knowledge of business, and especially of legal proceedings; and that when the appellant went to court to employ counsel and defend the appellee's suit, he was met by the appellee, who talked with him about compromising the case, and finally told him the case was continued, for him to go home, and they would see if they could not compromise the case; that the appellant went back to his farm, believing that nothing more would or could be done in the case without further notice to him; and that afterward the appellee's counsel went out to appellant's farm and talked with him about compromising the case.

It seems to us that the tendency of the acts and words

of the appellee and his counsel, as stated in the complaint, very probably might have been to induce the appellant to believe that the appellee would compromise and settle with him, and that nothing further would be done in the suit without further notice to him. If such was his belief, and it was so induced, as it might well have been, by the acts and words of the appellee and his counsel, we ought not to hold, in our opinion, that the appellant's failure to employ counsel, and to prepare at once for a watchful and vigorous defence of the appellee's suit, was on his part inexcusable neglect. We can readily understand how the appellant may have been misled by what was said and done, without any intention whatever on the part of any one to mislead or deceive him. But the record shows, as we construe it, that the appellant intended to defend against the appellee's suit, and was about to employ counsel for that purpose, when he was induced, by the appellee's proposition to compromise, to suspend his preparations for defence. Under these circumstances, in our opinion, we ought to hold, as we do, that the default and judgment against the appellant were taken through his excusable neglect, and that he ought to be relieved therefrom and allowed to defend against the appellee's original suit. And we are strengthened in our conclusion in this case by the other averments of the complaint, showing the unavoidable absence of the appellant from the court and term when the default was entered.

The judgment of the court below is reversed, at the appellee's costs, and the cause is remanded, with instructions to set aside the default and judgment against the appellant, and the sale thereunder, in the original suit, and to allow the appellant to answer and defend therein, and for further proceedings.