## BRISTOR *v.* GALVIN ET AL.

JUDGMENT.—*Action to Set Aside.*—*Default.*—*Inadvertence.*—*Complaint.*—In an action by a judgment defendant, to set aside a judgment rendered

against him by default, through his inadvertence, the complaint must show that the defendant has a meritorious defence to the action, and must allege the facts constituting the alleged inadvertence.

SAME.— *Counter Affidavits.— Evidence.—Practice.*— Such application can not be contradicted as to the defence alleged, by counter affidavits o other evidence.

SAME.—*Promissory Note.—Partnership.*—The fact that the applicant had never been a member of a firm against whom judgment had been rendered on a promissory note executed by the firm, is a good defence as to him.

SAME.—*Sickness of Counsel.*—Where such defendant has, with due diligence, employed counsel to conduct his defence, the failure of the counsel, by reason of sickness, to attend to his client's cause, may constitute inadvertence for which such judgment should be set aside.

SAME.—*Process.—Service.—Jurisdiction.*—Where, on appeal from a judgment rendered against a defendant by default, the record fails to show any service of process upon him, the judgment should be set aside.

From the Hendricks Circuit Court.

*L. D. McLain, J. F. Baker, A. G. Porter, W. P. Fishback* and *G. T. Porter*, for appellant.

*Harvey & Galvin*, for appellees.

HOWK, C. J.—On the 28th day of July, 1876, the appellee Albert Galvin commenced an action in the Hendricks Circuit Court, for the next term thereof, which would commence on the fourth Monday of September, 1876.

In that action, the said appellee's complaint counted upon a promissory note for four hundred and ninety-five dollars, dated December 10th 1875, executed by Martin L. Reitzel, and payable six months after date to the order of John Holloway & Co., at the First National Bank of Indianapolis, Indiana, and the drawers and endorsers severally waived presentment for payment, protest, and notice of protest and non-payment of said note. In the complaint in that suit, it was alleged, *inter alia*, that John Holloway & Co., a firm composed of John Holloway, Lyman Martin, Thomas G. Porter and the said William A. Bristor, by their said firm name, endorsed said note to Rufus H. Pilcher, who endorsed the same to George W. Galvin, who endorsed the same to

the appellee Albert Galvin. The maker and all the endorsers of said note, including the said members of said firm of John Holloway & Co., were made defendants in said action.

On the second day of the September term, 1876, of the court below, to wit, on the 26th day of September, 1876, the said Martin L. Reitzel, the maker of said note, appeared and filed his separate answer to the complaint in that suit. On the next day, September 27th, 1876, it was shown to the court by the sheriff's returns to the writs of summons issued in that action, that the same were duly served on all the other defendants, at least ten days before the first day of the said term of said court; and, on the said appellee's motion, the said other defendants, including said William A. Bristor, were three times called, and, failing to answer, were defaulted. On October 2d, 1876, the court granted the defendant Reitzel a change of the venue of said cause, from Hendricks county to Marion county; and, on October 5th, 1876, the court rendered judgment on their default previously entered, against the defendants, said Bristor included, for the amount due on said note.

On the 16th day of November, 1876, the appellant, William A. Bristor, filed his verified complaint, in the office of the clerk of the court below, against the appellee, Albert Galvin, the plaintiff in said judgment, and Albert Reissner, then the sheriff of said Marion county, to whom an execution on said judgment had been issued, in which complaint the appellant, Bristor, prayed, that the default and judgment hereinbefore mentioned might be set aside as against him, and that he might be allowed to appear and answer to the merits in the original cause, and for a temporary restraining order until the final hearing on his said complaint against the appellee Galvin and said Reissner.

To this verified complaint the appellee Galvin and said Reissner answered by a general denial thereof.

The issues joined were tried by the court, and a finding made for the appellee Galvin and said Reissner; to which finding the appellant, Bristor, excepted and filed his bill of exceptions.

The appellant's, Bristor's, motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered on the finding, in favor of said Galvin and Reissner, and against the appellant, Bristor, for the costs of suit, from which judgment this appeal is now prosecuted.

In this court, the appellant, William A. Bristor, has assigned the following alleged errors of the court below:

1. In rendering judgment, in the original action, against the appellant and his co-defendants therein, for the reason that the complaint therein was insufficient to constitute a good cause of action against said Bristor;

2. That the court had no jurisdiction of the appellant, Bristor, at the time said judgment was rendered;

3. The court erred in refusing to set aside the default and judgment, rendered in said cause against the appellant, Bristor, and to sustain his motion and complaint therefor; and,

4. In overruling the said Bristor's motion for a new trial.

We will consider and decide the several questions arising under this assignment of errors, in the same order in which the attorneys of the appellant, William A. Bristor, have presented and discussed them, in their argument of this cause in this court.

In his verified complaint, the appellant, William A. Bristor, admitted, that, on the 28th day of May, 1876, he was duly served with process in the original cause; that he was then, and since had been, a resident of the city of Indianapolis, Indiana; that, immediately after said summons was served on him, he took a copy thereof to Messrs. McLain

& Baker, a law firm doing business in said city, and re-
quested said firm to look after said cause, and it was then
and there understood by and between him and said law
firm, that the law firm of Hadley & Ogden, of Danville,
Indiana, practising attorneys in the court below, in
which said cause was pending, should be employed to ap-
pear for said Bristor and prepare his defence in said cause;
that soon thereafter the said McLain & Baker sent said
copy of summons by mail to and requested said Hadley &
Ogden to enter their appearance as attorneys for said Bris-
tor, in said cause; and that McLain & Baker took no
further control of said cause. The appellant further al-
leged, on information and belief, that said copy of sum-
mons and letter of authority to appear for him were receiv-
ed by Mr. Ogden, of the law firm of Hadley & Ogden, be-
fore the first day of said September term of said court, and
that said firm accepted said employment. The complaint
then gives in detail the causes which led to the failure of
Hadley & Ogden to appear for the appellant, and the entry
of the default and judgment against him; but the view
which we shall take of this case renders it unnecessary for
us to state these causes in this opinion.

In his verified complaint, the appellant thus states his
defence to the orignal suit on the note : " Plaintiff says that
he was neither a maker nor endorser of said note; that, at
the time of the execution and the endorsement of said note
by John Holloway & Co., he was was not a member of said
firm of John Holloway & Co., nor was he before that time,
nor has he been since."

The appellant, Bristor, prayed that the detault and judg-
ment against him in the original suit might be set aside,
and that he might be allowed to appear and answer to the
merits of said cause, and for a temporary restraining or-
der, etc.

It will be seen from the statements of his verified com-

plaint, that the appellant sought therein to obtain the relief provided in such cases in and by the last clause or sentence of section 99 of the practice act. This clause or sentence reads as follows: "The court   *   *   *   *   shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceedings on complaint or motion filed within two years." 2 R. S. 1876, p. 82.

In the case of *Nord* v. *Marty*, 56 Ind. 531, in construing this clause of said section 99, we said: "Two things must be shown to the court below, by the party asking to be relieved from the judgment, either by his complaint duly verified, or by the affidavit on which the motion is founded, as follows:

"'1.   That he has a meritorious cause of action, or defence, as the case may be, which is involved in the judgment from which he seeks to be relieved.' *Buck* v. *Havens*, 40 Ind. 221.

"2.   The facts, which tend to show that such judgment was taken against him, through his mistake, inadvertence, surprise or excusable neglect, should be clearly set forth, in plain and concise language."

In the case at bar it can not be doubted, we think, that the appellant has shown, both by the averments of his verified complaint and the evidence on the trial or hearing of his application, that he had a valid and meritorious defence to the cause of action on which the judgment in the original suit was rendered against him. Indeed, as to this question, neither counter affidavits nor contradictory evidence were admissible on the hearing of the appellant's application. *Nord* v. *Marty*, *supra*. But, if at the time the note in suit in the original action was endorsed by the firm of John Holloway & Co., the appellant, William A. Bristor, was not a member of said firm, and had never been either before or since that time a member of said

firm, it would seem that those facts, if true, would consti-
tute a valid and meritorious defence for the appellant to
the complaint of the appellee Galvin on said note.

The difficult question in this case, as in all similar cases,
is to determine whether or not the judgment complained
of was taken against the party through his mistake, inad-
vertence, surprise or excusable neglect.   It was established
by the evidence, on the hearing of this case, that, upon the
service of the summons on him in the original suit, the
appellant had, with reasonable diligence, secured the em-
ployment of attorneys at law, regularly practising law in
the court below, to appear for him and defend said suit.
It seems clear, therefore, that the default and judgment
against the appellant were entered and rendered, in said
suit, through the inadvertence of the attorneys employed
to appear and defend for him.   It is proper that we should
say, the evidence strongly tended to show that his inadver-
tence was caused by the unexpected illness of one the
attorneys, rendering him unfit to attend to his business
until after the default and judgment were entered.   We
are clearly of the opinion, however, in the interest of right,
justice and fair dealing, that this inadvertence of his
attorneys ought to be regarded as inadvertence and excus-
able neglect on the part of the appellant, and ought not to
preclude him from his "day in court," in which to make
his defence in the original suit.   The court erred, we think,
in refusing to set aside the default and judgment entered
and rendered against the appellant, William A. Bristor,
in the original suit, and to allow him to appear and
answer the said appellee's complaint in that suit.

Having reached this conclusion we may properly
remark, that the entire record of the original suit, includ-
ing the writs of summons issued therein and the sheriff's
returns of said writs, is before this court on this appeal, and
that the said sheriff's returns wholly fail to show any ser-

vice of process on the appellant, William A. Bristor, but as to him the said writs of summons were returned "not found." If, therefore, the appellant, Bristor, had appealed to this court from the judgment against him, in the original suit, we would have been compelled, on a proper assignment of error, to reverse said judgment for the apparent want of jurisdiction of the court below over the person of the appellant.

The judgment is reversed, at the costs of the appellee Albert Galvin, and the cause is remanded with instructions to set aside the default and judgment against the appellant, William A. Bristor, and to allow him to defend and answer the complaint in the original action, and for further proceedings therein.