Lawler *et al. v.* Couch.

---

No. 8083.

## LAWLER ET AL. *v.* COUCH.

JUDGMENT.—*Default.—Application to Set Aside.—Demurrer.—Practice.*—If a demurrer for want of facts to an application under section 396, R. S. 1881, to be relieved from a judgment by default, be overruled, the defendant is entitled to controvert the truth of the alleged excuse for suffering the default. The demurrer in such case admits the truth of the complaint or motion only for the purpose of testing its legal sufficiency.

SAME.—*Error in Record.—Default Over Answers on File.*—It is not cause for relief under said section, that there were answers on file of the party defaulted. Error of the court is not mistake, inadvertence, surprise or neglect of the party, for which relief may be had thereunder.

From the Boone Circuit Court.

*C. C. Galvin,* for appellants.

*C. S. Wesner,* for appellee.

WOODS, J.—The appellants brought their complaint in the circuit court to be relieved, under the 99th section of the code (1852), from a judgment taken .against them by default. The court overruled the appellee's demurrer to the complaint, whereupon the appellants moved for judgment in their favor, and objected to the setting of the case down for a hearing upon any other evidence than the complaint and affidavits filed therewith. The court overruled these objections, and, upon a hearing, found for the defendant. The appellants then moved in arrest of judgment; the court overruled the motion and gave judgment for the appellee.

The appellants contend that the action and the rulings of the court, in the particulars mentioned, were wrong, because, as is claimed, upon the overruling of the demurrer, judgment should have been given for the plaintiffs. Such, however, is not the practice. The demurrer in such case, as in the ordinary civil action, admits the truth of the complaint or motion, for the purpose of demurrer only, and, if the same is overruled, the defendant may be heard, upon affidavits or oral evidence, to controvert the alleged excuse for suffering the default to go. *Ratliff* v. *Baldwin,* 29 Ind. 16 ; *Buck* v. *Havens,* 40 Ind. 221 ; *Lake* v. *Jones,* 49 Ind. 297 ; *Nord* v. *Marty,* 56 Ind. 531; *Bristor* v. *Galvin,* 62 Ind. 352 ; *Slagle* v. *Bodmer,* 75 Ind. 330 ; *Newcome* v. *Wiggins,* 78 Ind. 306.

The further point is suggested in the brief, that the judgment by default was taken over answers on file, and was, therefore, erroneously entered. The record, however, does not present the question. The fact is not stated in the complaint as a ground for setting aside the default, and is apparent, if at all, only by reason of the exhibits filed with the complaint.

Besides, the fact of the default being taken when there was an answer on file, if wrong, was an error of the court, and not the mistake, inadvertence or neglect of the party, for which relief could be granted under the 99th section. *Nelson* v. *Johnson,* 18 Ind. 329 ; *Burton* v. *Harris,* 76 Ind. 429.

Judgment affirmed, with costs.