Nash v. Cars *et al.*

Filed Dec. 19, 1883.

---

No. 10,056.

## NASH v. CARS ET AL.

JUDGMENT.—*Setting Aside Default.—Mortgage.—Evidence.—Supreme Court.— Practice.*—An application by complaint to set aside a default, made within less than two years after the rendition of the judgment foreclosing a mortgage, not made by the party, showed that the applicant, who was a German woman, ignorant of our language, had no knowledge that any summons had been served on her, that she would not have understood it if service had been made; that her first knowledge of the matter was acquired after the sale of the land to the plaintiff in the judgment; that she had a good defence, in that she had a life-estate in the land, and had been, long prior to the mortgage, in possession under a lease for life, duly recorded in the recorder's office of the county.

*Held*, that the facts stated, if true, justified the application, showing a good defence and a sufficient excuse for the default.

*Held*, also, that under section 396, R. S. 1881, the application was in time.

*Held*, also, that where the evidence upon which the application was heard was by affidavit, the Supreme Court would not weigh the evidence.

From the Tippecanoe Circuit Court.

*J. R. Coffroth* and *T. A. Stuart*, for appellant.

*A. Parsons, E. A. Greenlee, G. O. Behm* and *A. O. Behm*, for appellees.

FRANKLIN, C.—Appellee Theresa Cars filed a complaint and entered a motion to set aside a default and decree of foreclosure of a mortgage, as to her.

A demurrer was overruled to the complaint and motion, a denial filed, and on proof the default and decree were set aside.

An answer was filed to the original complaint for foreclosure, to the second paragraph of which (the first being a denial) a demurrer was overruled, and for the want of a reply judgment was rendered for said appellee.

The following errors have been assigned:

1st. The overruling of the demurrer to the complaint and motion to set aside the default and judgment.

2d. The setting aside of the default and judgment as to the said Theresa.

3d. Overruling the demurrer to the 2d paragraph of Theresa's answer to the original complaint.

In proceedings to set aside a default, whether by motion at the same term or subsequent complaint filed, no pleadings on the part of the opposite party are contemplated or are necessary. *Brumbaugh* v. *Stockman,* 83 Ind. 583; *Nord* v. *Marty,* 56 Ind. 531; *Lake* v. *Jones,* 49 Ind. 297; *Buck* v. *Havens,* 40 Ind. 221.

But where a demurrer is filed to the complaint, it presents the question as to the sufficiency of the facts stated. *Nord* v. *Marty, supra.*

If the demurrer is overruled, the defendant may be heard, upon affidavits or oral evidence, to controvert the alleged excuse for suffering the default to go. *Lawler* v. *Couch,* 80 Ind. 369, and the authorities therein cited.

The complaint, in order to be good, must show that the judgment was taken against the complaining party, through his mistake, inadvertence, surprise or excusable neglect, and

that he has a meritorious defence; and the facts constituting the same should be clearly set forth.  *Nord* v. *Marty, supra.*

The sufficiency of the complaint being thus presented, it is necessary to state a part of it and the substance of the remainder.

The complaint was filed on the 10th day of November, 1880, and alleges that at the May term of said court, 1879, the defendant Job M. Nash filed a complaint in said court against Adolph Cars and others, including this plaintiff, claiming that said Adolph Cars was indebted to him in the sum of $889, which was evidenced by a certain promissory note, and secured by a mortgage upon the real estate in controversy, executed by said Adolph Cars to said Nash on the 27th day of July, 1875; that at said term judgment was rendered by default against Adolph Cars for the amount of the note, and a foreclosure of the mortgage against all the defendants.   The complaint then avers:

" That she is a German woman unable to speak or understand the English language; that she had no knowledge whatever of said cause of complaint having been filed against her until after the judgment had been taken and the sale of the property had; that she does not believe that said summons was ever read to her, and that, if it was, she has no recollection thereof, and that, if it was read to her, she did not know the contents or meaning thereof, and the same was not explained to her by any one, and that she had no knowledge, either directly or indirectly, of said suit until after the sale had been had; that she did not know that there was a judgment against her until informed thereof by Isaac Parsons, Esq., and that by the said decree she was found to have no interest whatever in the real estate described in said mortgage, and subsequently sold; that said Job M. Nash caused said real estate to be sold on the 12th day of July, 1879, at sheriff's sale, by virtue of an order of sale issued on said decree, and at said sale became and was the purchaser of said real estate, and now claims the title thereto.   And the plain-

tiff alleges that she has a good defence to said action; that long prior to the making of said mortgage, to wit, on the 7th day of July, 1873, she obtained from Adolph Cars, the then owner of said real estate, a life lease on said real estate, which lease was duly acknowledged as required by law, and recorded on August 20th, 1873, in the recorder's office of Tippecanoe county, Indiana, where said real estate is situated; that said lease was in full force at the time of the making of said mortgage to said Nash, at the time of the sale, and is still in force; and that she is in possession of said lease, and has been ever since the making thereof. And the plaintiff alleges that said Job M. Nash, at the time he instituted said suit, at the time he took said default and said judgment and decree of foreclosure, and at the time he became the purchaser of said real estate at sheriff's sale, well knew that the plaintiff had said life lease on said real estate, and a substantial interest therein. And the plaintiff alleges that if said judgment is set aside and opened, and she is permitted to file an answer herein setting up her said claim on said real estate, she can and will establish the facts hereinbefore set forth," etc.

The objections made to this complaint are, that it does not set out a copy of the notes and mortgage upon which the decree of foreclosure was rendered; that it does not give a copy of the lease upon which the claim is based; that it does not sufficiently negative notice of the pendency of the original suit; that it does not sufficiently set forth a meritorious defence to the cause of action, and that the complaint was not filed in a reasonable time.

In a complaint to set aside a default it is not necessary to give copies of the exhibits in the original complaint, nor, in this case, was it necessary to give a copy of the lease; the plaintiff claimed to be owner of a life-estate in the land; the lease was evidence of the claim and not the foundation of it; it was no necessary part of the pleading.

We think the complaint shows a sufficient excuse for not

appearing and defending the original action, and states with sufficient particularity the facts constituting her defence to the action in so far as she was affected thereby. As to the complaint not being filed in a reasonable time, the statute gives two years within which to file it, and that time must be held a reasonable time. *Zerger* v. *Flattery*, 83 Ind. 399. There was no error in overruling the demurrer to the complaint.

As to the specification of error, that the court erred in setting aside the default and decree of foreclosure, so far as it affected appellee, it is too general to present any definite question for consideration. Under it appellant attempts to present the question as to the sufficiency of the evidence, and insists that the preponderance of the evidence is in favor of appellant, and as the evidence is all documentary this court can weigh it as well as the court below, and decide the case upon the preponderance of the evidence.

The evidence consisted of the sworn complaint of the plaintiff, counter affidavits on the part of the defendant, and an affidavit in reply on the part of the plaintiff; these affidavits partake of the nature of depositions and parol testimony of resident witnesses, and not of the nature of documentary evidence; therefore the rule applied to parol testimony must be applied to them. This rule has frequently been applied by this court to affidavits in support of motions for new trials. See the case of *Carter* v. *Ford Plate Glass Co.*, 85 Ind. 180.

It is admitted that there was evidence tending to support the finding and judgment of the court, and in such case this court will not weigh the evidence. There is no available error in this specification.

The third error assigned is the overruling of the demurrer to the second paragraph of appellee's answer to the original complaint.

This answer sets up the life lease as her defence to the action, and makes the original lease a part of the answer. The lease is dated July 7th, 1873, and the answer avers that it was duly recorded on the 20th day of August, 1873; and further al-

Nash *v.* Cars *et al.*

leges that " immediately, on the 27th day of July, 1873, she took possession of said premises, has ever since been and yet is in full possession thereof, under and by virtue of said lease ; and that said lease ever since has been, and yet remains, in full force and effect." Wherefore, etc.

The objection to this answer is that it does not show that the lease was acknowledged. The language of the answer is the lease " was duly recorded," but says nothing about whether it was acknowledged or not. The copy furnished with the answer stops with its execution.

The acknowledgment constitutes no part of the lease or its execution, the statute only requires it to be acknowledged in order to entitle it to be recorded. But it is insisted that if it was not acknowledged it could not be legally recorded, and the placing of such an instrument on record is no notice to subsequent good-faith purchasers.

The duly recording of an instrument implies that it was in the proper condition to be recorded, and where nothing to the contrary is shown, the presumption would be that it was acknowledged; or properly proved under the statute. But if this were not so, and there is no legal record to operate as notice, still the answer shows that the appellee was in the full possession of the premises, under the lease, and that was sufficient to put appellant upon inquiry as to the rights under which appellee held possession. We think the answer was sufficient, and there was no error in overruling the demurrer to it. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Sept. 28, 1883. Petition for a rehearing overruled Dec. 19, 1883.