Filed April 21, 1886.

———————◆———————

No. 12,422.

CLANDY v. CALDWELL, ADMINISTRATOR.

JUDGMENT.—*Relief From.—Excusable Neglect.—Married Woman.—Mortgage.—Sale.*—Where the separate property of a married woman has been sold under the foreclosure of a mortgage executed thereon by her husband, without her knowledge or consent, she having no knowledge of its existence until after the foreclosure and sale, being at the time she was served with process, and afterwards, during the pendency of the

suit, sick and physically and mentally unable to attend to business or to procure advice or assistance, or to understand the nature of the suit against her, she is entitled under section 396, R. S. 1881, to have the judgment and sale set aside in order that she may defend.

SAME.— *Complaint.—Demurrer.—Agreed Statement of Facts.*—Where, upon a demurrer, for insufficient facts, to the complaint for relief in such cases, the cause is submitted to the court for decision, it is equivalent to a submission upon an agreed statement of the facts as set forth in the complaint.

From the Clinton Circuit Court.

*J. Claybaugh* and *G. Sexson,* for appellant.

HOWK, J.—In this case the only error assigned by the appellant, the plaintiff below, is the sustaining of appellee's demurrer to her complaint.

On the 28th day of December, 1883, appellant, Mary F. Clandy, filed in the clerk's office of the court below her complaint against the appellee, John J. Caldwell, administrator of the estate of Frank D. Caldwell, deceased. In such complaint appellant alleged that she was the owner of certain described real estate, in Clinton county, which she inherited from her father, John D. Price, late of such county, deceased; that on the 18th day of January, 1875, Jacob F. Clandy, husband of appellant, by the name of Frank Clandy, executed to Frank D. Caldwell, then in life, a mortgage on such real estate to secure the payment of a promissory note for one thousand dollars, dated January 18th, 1875, payable three years after date, to Frank D. Caldwell, and signed by said Frank Clandy; that appellant did not sign such mortgage, nor authorize any person to sign the same for her; that she had no knowledge whatever that such mortgage was ever executed until she ascertained that such real estate had been sold, and had been advertised to be sold, to pay such note; that Frank D. Caldwell, while in life, had knowledge of the fact that appellant did not execute such mortgage, and by reason of such fact, and his knowledge of such fact, he never foreclosed, nor endeavored to foreclose, such mortgage.

Appellant further alleged that at the October term, 1882, of the court below, the appellee filed his complaint to foreclose such mortgage against her and Frank Clandy; that at the time the summons thereon was served on appellant, she was sick in bed, and had no knowledge of the nature of the suit, or of what was involved therein; that she had never signed the mortgage sued on, and had no knowledge whatever that such a mortgage was in existence; that, by reason of her sickness, she was at the time deprived of her mental faculties; that she was utterly unable to know or comprehend what was meant by such summons; that she was unable, by reason of her sickness, to attend court or to provide any one to look after her case for her, even if she had known of the nature of such suit; that appellant continued sick for a long time, and unable to leave her room; that her husband, in whom she had perfect confidence, without her knowledge or consent, signed her name to such mortgage and concealed the fact of his having done so until her lands were advertised and sold—the appellee having obtained his judgment at the October term, 1882, of the court below, and foreclosed such mortgage. Appellant had no notice or knowledge whatever that there was such a mortgage in existence, and had no notice of the proceedings had in such court, by reason of her sickness and weak mental and bodily condition; and the appellee, as such administrator, purchased appellant's real estate at sheriff's sale, under his judgment of foreclosure. A copy of the proceedings and judgment in such foreclosure suit was filed with appellant's complaint. Wherefore appellant prayed that such sheriff's sale of her real estate be declared void and of no effect, and that she be allowed to make her defence in appellee's foreclosure suit, and for other proper relief.

The ground of appellee's demurrer to appellant's complaint was, that it did not state facts sufficient to constitute a cause of action.

It is manifest from the averments of her complaint, that

appellant has sought to state a case within the purview of the last clause of section 396, R. S. 1881, and to obtain the relief therein provided for. This section is substantially a re-enactment of section 99 of the civil code of 1852, as the latter section was amended on March 4th, 1867. As applicable to the case in hand, the last clause of section 396, *supra*, provides as follows: "The court * * * shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings, on complaint or motion filed within two years." This provision of the civil code, as it now reads, has been in force nearly twenty years, and, of course, has often been considered by this court. It has been held that no formal pleadings are necessary in the proceedings authorized by the clause quoted, beyond the complaint or motion of the party seeking to be relieved from the judgment. *Lake* v. *Jones*, 49 Ind. 297. It has been held, also, that the matters presented in such complaint or motion should be heard by the court in a summary manner; and that, on such hearing, neither counter-affidavits nor oral evidence tending to contradict the complaint or motion should be received on the question, whether the plaintiff or moving party has, or has not, a meritorious cause of action or defence, as the case may be. *Ratliff* v. *Baldwin*, 29 Ind. 16 ; *Buck* v. *Havens*, 40 Ind. 221.

Where, however, as in the case at bar, the defendant has demurred generally to the complaint or motion, for the alleged insufficiency of the facts therein to entitle the plaintiff or moving party to the relief prayed for, thereby admitting the truth of such facts as are well pleaded, and the cause has been submitted upon such demurrer to the court for decision, it has been held, and correctly so, we think, that this is equivalent to the submission of the questions in the case for decision, upon an agreed statement of the facts, as set forth in such complaint or motion. *Nord* v. *Marty*, 56 Ind. 531. In the case last cited, the court said: "Two things must be

shown to the court below, by the party asking to be relieved from the judgment, either by his complaint duly verified, or by the affidavit on which the motion is founded, as follows :

" 1. ' That he has a meritorious cause of action or defence, as the case may be, which is involved in the judgment from which he seeks to be relieved.' *Buck* v. *Havens, supra.*

" 2. The facts, which tend to show that such judgment was taken against him, through his mistake, inadvertence, surprise or excusable neglect, should be clearly set forth, in plain and concise language."

To the same effect, substantially, are the following cases: *Bristor* v. *Galvin,* 62 Ind. 352 ; *Newcome* v. *Wiggins,* 78 Ind. 306 ; *Lawler* v. *Couch,* 80 Ind. 369 ; *Brumbaugh* v. *Stockman,* 83 Ind. 583 ; *Nash* v. *Cars,* 92 Ind. 216 ; *Beatty* v. *O'Connor, ante,* p. 81.

In the case under consideration, we have no brief or argument on behalf of the appellee, in support of the ruling of the court in his favor, on his demurrer to appellant's complaint; and we confess that we do not see any sufficient grounds upon which such ruling can be rested. Appellant filed her complaint for relief from the judgment of foreclosure within the time given her by the statute. She stated a full, complete and meritorious defence to the foreclosure suit, in that she showed that the mortgaged lands were her separate estate by inheritance from her deceased father, and that she never executed the mortgage sued upon, nor authorized any one to execute the same for her, and in fact had no knowledge of the existence of such mortgage until after it was foreclosed and her inheritance sold away from her. The facts constituting this defence were admitted to be true by appellee's demurrer, and indeed he could not be heard to controvert them in the pending suit. We are of opinion, also, that the facts stated by appellant, and admitted to be true by appellee as the case is now presented, in regard to her sickness, and her physical and mental condition at the time she was served with process in and during the pendency

of such foreclosure suit, coupled with her entire ignorance of the nature of such suit and of the existence of the mortgage in suit, and her inability to procure advice and assistance or to consult with any one, were amply sufficient to constitute a *prima facie* case of excusable neglect, in her behalf, and to entitle her to a hearing upon her complaint.

We conclude, therefore, that the court below erred in sustaining appellee's demurrer to appellant's complaint.

The judgment is reversed with costs, and the cause is remanded with instructions to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

