## No. 24.

## PARKER ET AL. *v.* THE INDIANAPOLIS NATIONAL BANK.

JUDGMENT.—*By Default.—Action to Set Aside.—Pleading.—Complaint.—Insufficiency of.*—In an action to set aside a judgment by default against a husband and wife, the complaint showed that the wife had a defence to the action, and that the defendants had an attorney employed to present it, but that the case was called for trial and judgment rendered without the knowledge of the attorney or his clients. No excuse for the attorney's failure to appear was alleged in the complaint.

*Held,* that the complaint was demurrable.

SAME.—*Affidavits by Attorney.— When not Considered Part of Complaint.*—Affidavits by the attorney found in the transcript on appeal, which are not referred to in the complaint, which do not refer to it, or show by whom filed, will not be considered part of the complaint.

PLEADING.—*Complaint Must be Good as to all the Plaintiffs.*—A complaint must be sufficient as to all the plaintiffs, or it will not be sufficient as to any of them.

From the Madison Circuit Court.

*H. C. Ryan,* for appellants.

*M. S. Robinson, J. W. Lovett* and *S. M. Keltner,* for appellee.

BLACK, C. J.—The appellants made application by complaint to be relieved from a judgment taken in the court below against them, through their neglect, by the appellee, at a former term and within two years prior to the making of said application.

The appellee's demurrer to the complaint was sustained, and this ruling is assigned as error.

The complaint showed the nature of the original action, in which the appellants, husband and wife, were the defendants, and that the wife had a sufficient defence thereto, but it did not show that the husband had any defence. It also showed, in substance, that upon the commencement of the original action the appellants employed a certain attorney of said court to look after and set up their defence, and informed him of the facts relating to the wife's defence; that

at a subsequent term of said court the cause was set down and called for trial in the absence of said attorney and without his knowledge and without the knowledge of the appellants or either of them; and that the cause was tried in the absence of the appellants and judgment was rendered against them, of which they had no knowledge until the sheriff called upon them with an execution; also, that they were informed and believed that their said attorney had no knowledge that the case had been tried, or that the judgment had been rendered, until his attention was called to the matter by the appellants, after the sheriff had served the execution.

No excuse whatever for the attorney's failure to present the wife's defence is alleged in the complaint. Very plainly the complaint did not show that the judgment was taken through the mistake, inadvertence, surprise or excusable neglect of the judgment defendants. The negligence of an attorney is negligence of his client. *Brumbaugh* v. *Stockman*, 83 Ind. 583.

Following the complaint in the transcript of the record are two affidavits of the attorney for the appellants, sworn to at different dates. There is no mention of these affidavits, or either of them, in the complaint, and it does not appear when or by whom they were filed. There is no record entry mentioning them. If we might look to them in considering the ruling on the demurrer to the complaint, we would not regard the facts stated therein, taken by themselves or in connection with those shown by the complaint, as constituting a sufficient excuse for the failure to defend the original action; but as we do not regard them as a part of the complaint we will not state their contents.

When the application is on complaint by the defendant in the original action, the complaint must state the nature of the original action, and it must show that the applicant had a meritorious defence thereto, and must state the facts constituting such defence, and must show by the allegation of

facts that the judgment was taken against the applicant through his mistake, inadvertence, surprise or excusable neglect. Section 396, R. S. 1881; *Nash* v. *Cars*, 92 Ind. 216; *Rupert* v. *Martz*, 116 Ind. 72; *Hall* v. *Durham*, 116 Ind. 198.

The complaint in such a proceeding commenced after the term at which the judgment which it assails was rendered, is a new proceeding. *Brumbaugh* v. *Stockman, supra*.

In a proceeding under the statute no formal pleadings beyond the complaint or motion, no pleadings on the part of the opposite party, are contemplated or necessary. *Nash* v. *Cars, supra; Clandy* v. *Caldwell*, 106 Ind. 256; *Brumbaugh* v. *Stockman, supra*.

But the complaint is treated as a formal pleading, and the opposite party may demur to it; and the demurrer, like a demurrer to the complaint in an ordinary civil action, raises the question of the sufficiency of the facts stated, and admits the truth of the complaint for the purpose of demurrer only. If the demurrer be overruled, the cause may be heard upon affidavits, depositions or oral evidence. *Nash* v. *Cars, supra; Brumbaugh* v. *Stockman, supra; Lawler* v. *Couch*, 80 Ind. 369.

The complaint need not be verified, but, if verified, it may be used as an affidavit on the hearing. The use of an affidavit or of the verification of the complaint is to prove the facts relating to the alleged excuse. The question as to the sufficiency of the complaint upon demurrer is not affected by its verification or its want of verification. " If an unverified complaint is supported by an affidavit upon the hearing, this is equivalent to a verification." *Newcome* v. *Wiggins*, 78 Ind. 306.

It is proper to file affidavits with the complaint, to be used on the hearing, and when so filed they have sometimes been spoken of in the decisions as exhibits. But in ruling upon a demurrer to the complaint, it is not required that the court shall take into consideration a fact not stated in

the complaint, but stated in an affidavit filed with the complaint as an exhibit.   *Lawler* v. *Couch, supra.*

In the case before us, however, there is no reference in the complaint to the affidavits or in the affidavits to the complaint, and aside from the clerk's formal certificate at the end of the transcript there is nothing to indicate that the affidavits were ever filed in the cause.

The judgment was upon demurrer.   There was no hearing of proof.

The only question before us relates to the sufficiency of the complaint, and the affidavits did not form a part of the complaint.

For the reason, so familiar that authorities need not be cited, that a complaint must be sufficient as to all the plaintiffs, or it will not be sufficient as to any of them, on demurrer, for want of facts, and for the further reason that the complaint did not show that the judgment in the original action was taken through the mistake, inadvertence, surprise or excusable neglect of the appellants, the court did not err in sustaining the demurrer.

The judgment is affirmed, with costs.

ROBINSON, J., having been of counsel, took no part in the decision of this cause.

Filed May 15, 1891.