No. 16,829.

## SUIN ET AL. *v.* DESCHAMP ET AL.

PRACTICE.—*Action for Relief from Decree in Partition.—Demurrer, Effect of.—Right to Controvert the Facts Alleged.*—If a demurrer to a complaint seeking relief from a decree in partition be overruled, the effect of the demurrer in such case is that it admits the truth of the complaint only for the purpose of testing its sufficiency; and the defendant may thereafter controvert the truth of the facts alleged in the complaint.

From the Howard Circuit Court.

*J. F. Morrison, J. E. Holman, J. Cantwell* and *S. W. Cantwell,* for appellants.

*D. A. Woods, J. T. Elliott* and *W. C. Overton,* for appellees.

HACKNEY, C. J.—The appellants, as plaintiffs, sought to be relieved from a decree in partition, rendered by the lower court in a suit by the appellees. Their complaint was under section 396, R. S. 1881; section 399, R. S. 1894.

The court overruled appellees' demurrer to the complaint and granted them additional time in which to file counter affidavits, to the granting of which time the appellants excepted. Thereafter, and without objection or exception, counter affidavits were filed by the appellees; and rebuttal affidavits, by the appellants. Upon the affidavits so filed the court found for the appellees.

It is first urged by the appellants, that the appellees were precluded by the demurrer and the court's ruling thereon, and that it was error to admit counter affidavits and a further hearing.

The cases of *Nord* v. *Marty,* 56 Ind. 531, and *Clandy* v. *Caldwell, Admr.,* 106 Ind. 256, are cited as supporting this view.

In each of these cases the demurrer was sustained, and this court held that the demurrer admitted the facts pleaded and presented their sufficiency as upon an agreed statement of facts. The question suggested in the case before us was not in review in either of the cases cited, but the exact question has been repeatedly ruled against the appellants' view. *Lawler* v. *Couch*, 80 Ind. 369; *Nash* v. *Cars*, 92 Ind. 216; *Parker* v. *Indianapolis Nat'l Bank*, 1 Ind. App. 462.

We are asked to consider the evidence, and having found that there is stubborn conflict upon material questions, we decline to weigh and determine the preponderance. *Nash* v. *Cars, supra; Wells* v. *Bradley, etc.*, 3 Ind. App. 278.

In addition to the facts already suggested, as to the absence of exceptions to the introduction of affidavits, the affidavits in the transcript are not brought into the record by bill of exceptions, but of these questions we make no decision.

There is no error in the record, and the judgment of the circuit court is affirmed.

Filed Sept. 28, 1894.