## GLOBE MINING COMPANY *v.* OAK RIDGE COAL COMPANY.

[No. 11,128. Filed March 15, 1922. Rehearing denied June 1, 1922. Transfer denied November 23, 1922.]

1. JUDGMENT. — *Setting Aside.* — *Pleading.* — *Application after Term to Vacate Judgment.*—An application to set aside a judgment, made after the expiration of the term at which the judgment was rendered, is an independent action and will be so treated, notwithstanding it is entitled as part of the original action and designated as a motion. p. 79.

2. JUDGMENT.— *Setting Aside.— Inherent Powers of Court.— Unfair Advantage by Litigant.—Statutes.*—Though the facts averred in defendant's application after term to set aside a judgment do not bring the proceeding within the provisions of §405 Burns 1914, §396 R. S. 1881, as a defense on the merits had been made prior to judgment, but the application is made merely to obtain an opportunity to file a motion for new trial, and, in the event of an adverse ruling thereon to perfect an appeal, a procedure not authorized by statute, defendant may, nevertheless, have a remedy, if wrongfully deprived of a right, since courts of general jurisdiction have inherent power to prevent a litigant from obtaining an unfair advantage over his adversary through fraud, inadvertence, surprise, accident or mistake. p. 80.

3. PLEADING.—*Complaint.—Application to Set Aside Judgment.— Demurrer.*—An application after the term at which judgment was rendered to set aside the judgment because applicant was not notified of its rendition and was thereby deprived of its right to file a motion for new trial, constitutes a complaint which may be tested by demurrer. p. 80.

4. PLEADING.— *Motion to Strike Out.— Purpose.—* A motion to strike out a complaint cannot perform the office of a demurrer for want of sufficient facts, and it is error to sustain such a motion, although the pleading to which it is addressed is not sufficient against demurrer, since the pleader is thereby deprived of an opportunity to amend. p. 81.

5. PLEADING.—*Application to Set Aside Judgment.—Defects.— Cure by Amendment.— Striking Out.—* An application to set aside a judgment without notice to defendant corporation, which was thereby deprived of its right to file a motion for new trial, and, in event of an adverse ruling thereon, to appeal, which application was defective because it failed to show that any error was committed on the trial of the cause which would have been available to defendant if given an opportunity to

file a motion for a new trial, might have been corrected by amendment, so that it was error to sustain a motion to strike it out. p. 81.

6. PLEADING.—*Application to Set Aside Judgment.—Answer.— Motion to Strike Out.*—A motion to strike out an application to set aside a judgment filed after the expiration of the term at which judgment was rendered cannot be considered as an answer to the application, though it alleged facts in contradiction of the allegations contained in the application and was supported by affidavits, but the averments of the motion and the affidavits must be treated as surplusage, and the order sustaining the motion cannot be affirmed as a finding on the facts. p. 81.

From Marion Superior Court (A-982) ; *V. G. Clifford,* Judge.

Application by the Globe Mining Company to have set aside a judgment rendered against it in favor of the Oak Ridge Coal Company. From a judgment sustaining a motion to strike out the application, the applicant appeals. *Reversed.*

*Kealing & Hugg* and *Watson & Esarey,* for appellant.

*Frederick E. Matson, Ralph K. Kane, James A. Ross, Robert D. McCord* and *Adolph A. Schreiber,* for appellee.

BATMAN, P. J.—Appellee instituted an action against appellant in the Marion Superior Court, and recovered a very substantial judgment therein at its June term, 1920. At the following September term of said court appellant, under the same title as appears in the original action, filed its verified application, designated on the face thereof as a "motion to set aside judgment," which alleges, in substance, among other things, that said original action was commenced in 1919, and after the completion of the issues was tried by the court; that at the conclusion of the trial on July 3, 1919, the cause was taken under advisement, with leave to the parties to file briefs and subsequently to make an oral argument; that,

after said briefs had been filed and said oral argument had been heard, the cause was taken under further advisement, with an agreement, made in open court that, when a decision was to be announced, the attorneys would be called into court to hear the same, and to take such further steps as they might deem advisable; that at various times thereafter during the last half of the year 1919, and the first half of the year 1920, the attorneys of appellant made frequent inquiries as to when a decision would probably be rendered, but the court was unable to make a definite statement in that regard, and no time was ever fixed for that purpose to the knowledge of appellant or its attorneys; that thereafter, on July 3, 1920, the court rendered a judgment in said cause against appellant in its absence, and the absence of its attorneys, and without any knowledge on the part of appellant or its attorneys that any action was to be taken in said cause on said day; that appellant did not learn through its officers, agents, attorneys or otherwise, that a decision had been made or a judgment had been rendered in said cause until September 10, 1920; that appellant has a complete defense to said action in this, that it owes appellee nothing on its said claim; that it desired, and still desires, to file a motion for a new trial in said cause, and, if the same is overruled, to take an exception to such ruling, and to take other steps necessary to perfect an appeal from any judgment rendered therein against it, but that it has wholly lost such right by reason of its inadvertence, mistake and excusable neglect, as alleged. Other facts are set out by which appellant seeks to explain and excuse the absence of each of its attorneys from court on the day said judgment was rendered. The application concludes with a prayer that said judgment be set aside, that appellant be permitted to file its motion for a new trial, which it has prepared and now tenders, and have a hear-

ing thereon, and for all proper relief in the premises. A few days thereafter appellant filed the affidavits of its attorneys in support of its application. Appellee appeared thereto by counsel and filed its motion, supported by an affidavit of one of its attorneys, asking that the court strike out and reject appellant's said application, which it designated as a motion, and thereupon the following action was taken: "By agreement of the parties the cause is submitted to the court for hearing and decision without the intervention of a jury, and the court, after due advisement, now sustains the motion of said plaintiff to strike out said motion of defendant to which ruling of the court the defendant at the time objects and excepts. \* \* \* It is therefore considered and adjudged that the motion of the defendant herein to set aside the judgment rendered in said cause on July 3, 1920, be, and the same is hereby, stricken out and dismissed, and that the plaintiff recover of and from the defendant herein its costs." From this judgment appellant has appealed, and has assigned errors, which require a consideration of the questions hereinafter determined.

While it appears that appellant filed its application under the title of the cause in which the original judgment was rendered, it was in fact an independent

1. proceeding and will be so treated, since it was begun after the close of the term in which said judgment was rendered, although it would have been more formal had it been entitled and docketed as a separate action. *Brumbaugh* v. *Stockman* (1882), 83 Ind. 583; *Indiana, etc., Assn.* v. *Doherty* (1919), 70 Ind. App. 214, 123 N. E. 242. Cases may be found where such liberality in construction has not been indulged, because of the attending facts and circumstances, as illustrated by *Stampfer* v. *Peter Hand, etc., Co.* (1917), 67 Ind. App. 485, 118 N. E. 138. But, wherever justice

appears to demand it, courts should look through the form of a pleading to its substance, and thereby make it effective for the purpose intended, where this can be done without violating any statute or settled rule of practice. For this reason such cases are not necessarily controlling precedents.

The facts averred in the application do not bring the proceeding within the provisions of §405 Burns 1914, §396 R. S. 1881, as it was not seeking to set aside

2. the judgment in order that it might have an opportunity to make a defense on the merits. As far as the record discloses that had already been done. *Stampfer* v. *Peter Hand, etc., Co., supra.* What it was really seeking to do, as appellee contends, was to have the judgment set aside, in order that it might file a motion for a new trial, and, in the event of an adverse ruling thereon, that it might perfect an appeal. Our attention has not been called to any statute authorizing such a procedure, but it does not follow that appellant is without a remedy, as courts of general jurisdiction possess inherent powers, not created or conferred by legislative enactment. These powers will always be exercised where one litigant has obtained an unfair advantage over his adversary through fraud, inadvertence, surprise, accident, mistake or otherwise, and it would be against conscience to permit him to retain it. *Hitt* v. *Carr* (1921), 77 Ind. App. 488, 130 N. E. 1.

Such an application constitutes a complaint, which may be tested by demurrer, and, if a demurrer thereto is sustained, it may be amended like a complaint

3. in an ordinary civil action. The following cases support this conclusion by analogy, although they involve statutory actions: *Parker* v. *Indianapolis National Bank* (1891), 1 Ind. App. 462, 27 N. E. 650; *Lawler* v. *Couch* (1881), 80 Ind. 369; *Nash* v. *Cars* (1883), 92 Ind. 216; *Masten* v. *Indiana Car, etc., Co.*

(1900), 25 Ind. App. 175, 57 N. E. 148; *Kurtz* v. *Phillips* (1916), 63 Ind. App. 79, 113 N. E. 1016.

In the instant case appellee did not file a demurrer to the application, but filed a motion to strike out and reject the same, which was sustained. It is well 4. settled that a motion to strike out will not perform the office of a demurrer for want of sufficient facts; and it is error to sustain such a motion, although the pleading to which it is addressed is not sufficient as against a demurrer, as the pleader is thereby deprived of any opportunity to amend. *Guthrie* v. *Howland* (1905), 164 Ind. 214, 73 N. E. 259; *Wilson* v. *Tevis* (1916), 184 Ind. 712, 111 N. E. 181; *Hollander* v. *Fletcher* (1916), 62 Ind. App. 149, 112 N. E. 847.

The action of the court in sustaining appellee's motion to strike out and reject, therefore, was error, notwithstanding the fact that the application failed to 5. show that any error was committed on the trial of the cause, which would have been available to appellant had it had an opportunity to file a motion for a new trial, and that it did not seek to have the finding or decision set aside, as well as the judgment, since these, as well as other defects, if any, might have been cured by amendment.

It is urged that, if the application filed by appellant be taken as a complaint, that the allegations of facts filed with appellee's motion to strike out and reject the same ought to be taken as an answer 6. thereto, and the judgment be construed as denying the relief sought. We cannot adopt this view. In a motion to strike out a pleading, denials of facts alleged therein and the allegation of facts in confession and avoidance have no proper place, and must be rejected as surplusage. The reasons on which such a motion is based must appear in the pleading to which it is

addressed. The form of the entry preceding the record of the ruling on said motion, although somewhat unusual, cannot rightfully be taken to mean anything more than that the pending question before the court, viz., appellee's motion to strike out and reject appellant's application, was submitted to the court for its determination; the reference to a jury being obviously surplusage.

Because of the error indicated the judgment is reversed, with instructions to overrule appellee's motion to strike out and reject appellant's application, designated as a motion, and for further proceedings consistent with this opinion.